427 So.2d 1134 (1983)
Caroline MORGAN, Appellant,
v.
Lillian C. THOMSON, Appellee.
No. 82-512.
District Court of Appeal of Florida, Fifth District.
March 16, 1983.
Richard E. Gentry, St. Augustine, for appellant.
John D. Bailey, Jr., of Upchurch, Bailey & Upchurch, P.A., St. Augustine, for appellee.
COWART, Judge.
Appellee, defendant below, filed a request for admissions. Appellant failed to timely answer and appellee moved for summary judgment. Thereafter, without making any motion to permit withdrawal or amendment of the admissions resulting from the failure to timely answer the request, appellant filed a tardy answer and an affidavit opposing the motion for summary judgment. The affidavit conflicted with the admissions. At the hearing on the motion for summary judgment appellant argued, and on appeal again argues, that the trial court should disregard the admissions and appellant's failure to move for relief, consider the late answer and the conflicting affidavit and deny the summary judgment. The trial court relied on the admissions and entered summary judgment. We affirm.
Florida Rule of Civil Procedure 1.370 is clear. Unless a timely answer or objection is filed, the requested matter is conclusively admitted and established and remains so unless and until "the court on motion permits withdrawal or amendment" or otherwise grants relief from the effect of the failure to answer.
The rule provides a liberal standard for the trial court to grant relief by permitting withdrawal or amendment and this *1135 court has liberally construed that provision. See Melody Tours, Inc. v. Granville Market Newsletter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982). However, a motion must be made for relief from the admissions automatically resulting from a failure to timely answer a request for admissions. In this regard a trial judge cannot err until he rules on a proper motion for relief. No motion, no relief, no error.
AFFIRMED.
COBB, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.