COWART, Judge.
This case involves an untimely response to a request for admissions.
Appellant Merle West filed a request for admissions. Appellee did not file a timely response but, without first obtaining judicial approval, did file a belated response. On the eve of trial the effect of the belated response was discussed by counsel and the trial court. Appellee’s counsel took the position that no default had been taken upon the tardiness of the response, that appellant had not been prejudiced, that the matter was procedural and not jurisdictional, and that the matter of the untimely response should have been raised sooner by appellant. There being no motion before the trial court no formal ruling was made on this question but the trial court disregarded the admissions and made subsequent find *1011 ings inconsistent with them. We reverse on this point.
Florida Rule of Civil Procedure 1.370(b) clearly provides
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission, (emphasis supplied)
Under this rule the requested matter is admitted unless a timely written answer or objection is served and the admission continues unless, on motion made by the person suffering the admission, relief from the effect of the failure to timely respond is granted. See Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982). We have, however, also held that a motion under this rule is absolutely necessary and if no motion is filed the trial court does not err in not granting relief from the effect of a belated response. See Morgan v. Thomson, 427 So.2d 1134 (Fla. 5th DCA 1983). However, the rule cannot be ignored and in the absence of a motion it is error to disregard the admissions resulting from the failure to timely respond to the request for admissions. In Morgan we held the trial court does not err in denying relief from admissions in the absence of a motion. Here we hold the trial court does err in granting relief from admissions in the absence of a motion.
While we are concerned with the limited time that the child in this case was given to visit with its father, we find no judicial error relating to the issue of child custody and visitation assuming that upon any improvement in the circumstances relating to the sensitive matter of visitation; the time for visitation between the father and the child can and will be enlarged. We find no judicial error in the trial court’s refusal to find, under any theory, that the husband had any interest in the home he had previously conveyed to the wife.
We reverse and remand for further proceedings as to the claim of the intervenor Merle West consistent with this opinion and the admissions relating to her claim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, C.J., and DAUKSCH, J., concur.