453 So.2d 451 (1984)
Judith C. WOOD, Individually and As Mother and Natural Guardian of Jim-a-Lou Wood and Michael Wood, Her Minor Children, Appellant,
v.
FORTUNE INSURANCE CO., Appellee.
No. 84-13.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing Denied August 17, 1984.
Roy W. Jordan, Jr., West Palm Beach, for appellant.
Roger J. Slaydon of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal by an insured from an order vacating a final summary judgment previously entered in her favor and against her insurer. We affirm.
There is a parallel between this case and Morgan v. Thomson, 427 So.2d 1134 (Fla. 5th DCA 1983), in that appellee here failed to respond to appellant's request for admissions, also failed to move for leave to file responses belatedly pursuant to Florida Rules of Civil Procedure 1.370 and suffered the entry of an adverse summary judgment. In Morgan our companion court held the defaulting party could not belatedly file responses without a motion for leave to do so, the absence of which was fatal. As Judge Cowart pointedly ends the opinion: "No motion, no relief, no error." Id. at 1135.
Here, appellee's course was identical to appellant's in Morgan. Responses were filed late, without any motion seeking permission to do so. Also filed simultaneously was an affidavit in opposition to the adversary's motion for summary judgment which spelled out facts diametrically opposed to admissions.
At that point the parallel between the cases ends. Appellant in Morgan immediately sought appellate relief. Appellee in the present case filed a motion to vacate the summary final judgment and attached the affidavit of appellee's counsel that he timely sent the requests to the insurer client and informed it of the necessity for timely response. Counsel had in place a tickler system that broke down. No tickler; no reminder; no response. Weeks later the lapse was discovered and responses were immediately filed. The trial court, on review of the motion and affidavit, granted the motion, with the result that the ultimate issue of fact in dispute will be resolved by the triers of fact.
Precedent strongly supports our not disturbing the trial judge's decision to have the matter resolved on its merits. Policy-wise, that is why the system was created initially. In addition, our companion court has suggested that the recognized test for *452 upsetting a trial judge's decision in so-called excusable neglect cases is that the decision amounted to a gross abuse of discretion. See Church v. Strickland, 382 So.2d 419 (Fla. 5th DCA 1980). Whether this was or was not excusable neglect is really not so important as the fact that we believe there was truly a judgment call; and that is what generally describes discretion. Similar fact patterns have been labeled as excusable neglect. In Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983), this court found such when a responsive pleading was late because a secretary clipped the summons and complaint to the wrong file. Similarly, in Florida Aviation Academy v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984), the First District Court of Appeal overturned the trial court's refusal to set aside a default judgment, when the explanation for the neglect was that an inexperienced secretary had failed to calendar the time when an answer to the complaint had to be filed. We judges, lawyers, secretaries and others involved in the process are all here to serve the parties' rights and see that their remedies, as plaintiff or defendant, see the light of day. The trial judge's decision here is consistent with those goals. When the system breaks down and the merits are never reached, justice is seldom served, and the system simply inherits an aberration from its conceived purpose; namely, a new claim against the source of the breakdown.
It is true that for the system to work, timeliness is essential; nevertheless, the rules of civil procedure are flexible enough to expressly provide for late filing of responses. Tardy responses may be and have been excused. See Love v. Allis-Chalmers Corp., 362 So.2d 1037 (Fla. 4th DCA 1978) and Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982).
This opinion is not to be construed as a license for indifference and inefficiency. We could have reversed and created a contest between the attorney and its client; but that does not seem appropriate here. Hopefully, the individual members of The Florida Bar will be constant in their efforts to run such a tight ship in their respective practices that these breakdowns can be reduced and ultimately eliminated.
WALDEN, J., concurs.
LETTS, J., concurs specially with opinion.
LETTS, Judge, concurring specially.
Based on all the facts in this case, I concur that the trial judge did not abuse his discretion. However, I do not agree that whether or not excusable neglect is present, is not so important.