510 So.2d 965 (1987)
Mark PELKEY, Appellant,
v.
The COMMANDER MOTEL CORPORATION, a Florida Corporation, Appellee.
No. 4-86-2346.
District Court of Appeal of Florida, Fourth District.
July 1, 1987.
Rehearing Denied August 27, 1987.
*966 Kevan K. Boyles of Boyles and McCarthy, West Palm Beach, for appellant.
Thomas D. Daiello of Marchbanks & Feaman, Boca Raton, for appellee.
WALDEN, Judge.
Mark Pelkey appeals the denial of his motion to strike responses to request for admissions and his motion for judgment on the pleadings. We affirm.
Pelkey brought an action for damages against The Commander Motel Corporation, appellee, and trial was set for this matter on June 2, 1986. On April 17, 1986, the court granted the appellee's attorney's motion to withdraw.
On April 29, 1986, Pelkey filed a request for admissions. Then, in response to Pelkey's motion to shorten time for discovery, the court gave the appellee until May 12, 1986 to answer the request for admissions.
On May 16, 1986, the appellee's new attorney filed a notice of appearance and the responses to the request for admissions. Pelkey filed a motion to strike appellee's responses for being untimely, and a motion for judgment on the pleadings. Both these motions were denied, and ultimately, final judgment was entered against Pelkey.
On appeal, Pelkey argues that the appellee's responses should have been struck because appellee did not file a motion pursuant to Florida Rule of Civil Procedure 1.370(b) to withdraw or amend the admissions, which resulted from not timely responding to the request for admissions. We recognize that the Fifth District, in West v. West, 436 So.2d 1010, 1011 (Fla. 5th DCA 1983), held, "... in the absence of a motion it is error to disregard the admissions resulting from the failure to timely respond to the request for admissions."
However, we disagree with West. We hold that the absence of a motion does not preclude the trial court from granting relief from admissions resulting from the failure to timely respond to the request for admissions.
In the instant case, the appellee's responses were filed only four (4) days late, and during most of the time period in which the appellee should have responded, it was unrepresented. Moreover, Pelkey has not shown that he was prejudiced by the acceptance of the belated responses. As such, error in accepting the appellee's belated responses, if any, was harmless.
Additionally, the withdrawal of the admissions would serve to facilitate the presentation of the case on its evidentiary merits. See DeAtley v. McKinley, 497 So.2d 962 (Fla. 1st DCA 1986); Chong v. Peacock & Johnson, P.A., 486 So.2d 711 (Fla. 5th DCA 1986). Thus, we find that the trial court did not abuse its discretion in granting relief from the admissions, and in accepting the appellee's belated responses.
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.