512 So.2d 1125 (1987)
Scottie N. SINGER, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 4-86-0898.
District Court of Appeal of Florida, Fourth District.
September 23, 1987.
*1126 Ephraim Collins, Margate, for appellant.
Nancy W. Gregoire of Conrad, Scherer & James, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Scottie N. Singer, appellant, filed an application for a tenant's policy of homeowners insurance from appellee, Nationwide Mutual Fire Insurance Company. The evidence shows that the application contained certain misrepresentations as a result of which the insurer denied coverage.
This suit commenced when Singer sued Nationwide and another insurer, claiming losses as a result of a residential robbery. Coverage was denied on the basis of material misrepresentations in the application for insurance pertaining to the existence of prior policies and past losses. After its answer was filed, Nationwide served requests for admissions pursuant to Florida Rule of Civil Procedure 1.370. Among other things, they requested Singer to admit that she had provided the information on the application; that she had filed claims for personal property losses prior to the date of the application; and that she had homeowners policies with other companies prior to this Nationwide policy. The request for admissions was not timely answered and some six months later Nationwide moved for summary judgment. No motion was ever made by Singer for relief from the automatic admissions resulting from failure to properly answer. Although Singer filed an affidavit just prior to the summary judgment hearing opposing the motion, the trial court granted summary judgment for Nationwide, observing that the matters contained in the request for admissions were deemed admitted and that said matters constituted material misrepresentations, thus avoiding the policy.
Singer contends that a material issue of fact existed by virtue of her affidavit, regardless of her admissions. However, under the facts of this case, we believe that the trial court did not abuse its discretion in failing to grant Singer relief from the conclusively established admissions, where no motion for relief from the admissions was made. The facts in Morgan v. Thomson, 427 So.2d 1134 (Fla. 5th DCA 1983), are very similar to those in the instant case. In Morgan, the court held that, where no motion was made for relief from admissions automatically resulting from the appellant's failure to timely answer a request for admissions, the trial court properly relied on the admissions in entering summary judgment for the appellee, despite the contention that, where the appellant filed a tardy answer and an affidavit opposing the motion, the trial court should disregard the admissions and the failure to move for relief and should consider the late answer and conflicting affidavit to deny summary judgment. See also Wood v. Fortune Insurance Co., 453 So.2d 451 (Fla. 4th DCA 1984). We recognize that we held in Pelkey v. Commander Motel Corp., 510 So.2d 965 (Fla. 4th DCA 1987), that the absence of a motion under Florida Rule of Civil Procedure 1.370(b) *1127 does not preclude the trial court from granting relief from admissions resulting from the failure to timely respond to the request for admissions. However, that holding was based on a different set of facts where belated responses were filed within the time fixed by the rule, but four days late according to the shortened time provided by court order. In addition, a motion to strike the responses was filed with a motion for judgment on the pleadings, which was denied. In the instant case, no responses were ever filed, and Singer did not even file the affidavit until after Nationwide had relied on the admitted responses for a period of six months and had filed its motion for summary judgment.
The other appellate issue presented is whether Nationwide was required to prove as a matter of fact that the admitted misrepresentations were material to the acceptance of the risk or to the hazard assumed by the insurer, or whether the misrepresentations made by the applicant in this case were material as a matter of law. We answer that question by holding that, under the facts of this case, the misrepresentations were material as a matter of law.
In Mutual Life Insurance Co. of New York v. Denton, 93 Fla. 276, 112 So. 53 (1927), the Supreme Court of Florida held that a misrepresentation by an applicant for life insurance that he had made no prior application for insurance in any company was a material one. The court stated:
A statement that no policy had been issued if an application had been made would obviously have placed the company upon inquiry, which would have led to the disclosure of the facts appearing in this case. The technical contention that the application is not completed until received at the general office has no force of virtue in it. The information which the company sought by the question and which it had a right to receive from the applicant in full without qualification, abatement or deception, fully and in good faith, was, ["]Had the applicant, through the usual channels of securing life insurance, or directly to any company, theretofore applied for insurance and was the insurance obtained?["]
Statement No. 14 in the application required the fullest disclosure by the applicant of the circumstances of his first effort to secure life insurance. If he had answered as he should have answered the company would have been put on notice and subsequent investigation would have revealed the facts related by Dr. Welch; at least the company could have obtained the statement of that physician. Nor do we think there is any force in the position that the knowledge of the witness Comfort, if he had any, was a waiver by the company of the warranty: First, because there was no issue of that kind; second, because according to the testimony of the witness he was very doubtful of the possession by him of any knowledge whatsoever upon the subject. The applicant knew he was required to disclose the whole truth. He knew that he had applied for insurance in the Penn Mutual Company a few days before, that he went to Dr. Welch's office to be examined for life insurance, and that upon leaving the office the application was destroyed by Comfort in the applicant's presence.
It would seem to be unnecessary to cite authority in support of the proposition that the disclosure sought by the question was as to a material fact necessary to be ascertained to enable the company adequately to estimate the nature of the risk in the event it should, in view of all the facts, issue the policy, and that an untrue answer would vitiate the policy.
Id. 112 So. at 55.
In Massachusetts Bonding & Insurance Co. v. Williams, 123 Fla. 560, 167 So. 12 (1936), the court held that a false answer to the question whether the applicant for insurance had ever been declined, postponed, restricted, or rated up for life, accident, or health insurance, or whether any such insurance was ever cancelled or any renewal thereof refused was without question material.
*1128 In Minnesota Mutual Life Insurance Co. v. Candelore, 416 So.2d 1149 (Fla. 5th DCA), rev. denied, 424 So.2d 760 (1982), the court held that an insured's failure to indicate on his application that he had consulted two physicians during the month immediately preceding his application was, under the circumstances, a material misrepresentation as a matter of law. See also Preferred Risk Life Insurance Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982). In Sande, the appellee argued that the materiality of the misrepresentation was a fact question. The court noted that "[t]his is true when there is a dispute as to what was asked by the agent when the policy was issued or the accuracy of the answers on the application itself. Beneby v. Midland Nat'l Life Ins. Co., 402 So.2d 1193 (Fla. 3d DCA 1981); Travelers Ins. Co. v. Zimmerman, 309 So.2d 569 (Fla. 3d DCA 1975)." Id. at 570. However, those circumstances did not exist in Sande, and they do not exist in the instant case, particulary in light of Singer's admissions.
While several of the decisions finding that a misrepresentation was material as a matter of law also address the issue of whether the insurer would have actually issued the policy under the same terms and same premium had it known the true facts, the consideration of that issue in not required in making a determination that a misrepresentation was material to the risk or the hazard assumed by the insurer. Section 627.409, Florida Statutes, which is controlling here, provides, in pertinent part:
(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
(a) They are fraudulent;
(b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. [Emphasis added.]
Despite the superfluous language contained in several of the pertinent decisions, surely there are certain factual settings in which the misrepresentations are so gross that any one would know they are material. But then, there are numerous cases in which a misrepresentation is so insignificant that it could not, in good faith, be said to be material. "The test of materiality is not that the company was influenced but that the facts, if truly stated, might reasonably have influenced the company in deciding whether it should reject or accept the risk." New York Life Insurance Co. v. Kuhlenschmidt, 218 Ind. 404, 33 N.E.2d 340, 347 (1941). As the writer in 43 Am.Jur.2d Insurance § 1014 (1982) put it:
The matter is not one to be settled by the mere pronouncement of the company after the death has occurred, but the matter misrepresented must be of that character which the court can say would reasonably have affected the insurer's judgment as to the nature of the risk and amount of premium.
It is clear that the concept of what might be material to the risk or hazard involved, as set forth in subdivision (1)(b) of section 627.409, means something more than facts that, if known to the insurer, would actually have caused it not to issue a policy or caused it to charge an increased premium, as provided in subdivision (1)(c). It seems to us that the concept of materiality under subdivision (1)(b) means any fact of such moment that it would put a careful insurer on inquiry, which in turn might uncover facts that would lead to a rejection of the application. A misrepresentation is material if it does not enable a reasonable insurer to adequately estimate the nature of the risk in determining whether to assume *1129 the risk. Mutual Life Insurance Co. v. Denton, 93 Fla. 276, 112 So. 53 (1927). It appears that subdivision (1)(b) involves an objective view of what is material, while subdivision (1)(c) deals with the subjective view of what a particular insurer would or would not have deemed material if it had known the true facts.
Given the foregoing analysis of the statute, it would appear that a determination of materiality under subdivision (1)(b) would appropriately be a question of law, unless there is a dispute as to what was asked by the agent or the accuracy of the answers in the application itself, whereas a determination under subdivision (1)(c) would seem to be one of fact requiring testimony by the insurer's representatives.
In the present case, the pertinent questions contained in Nationwide's request for admissions are:
3. That prior to November 28, 1983, the Plaintiff, SCOTTIE N. SINGER, had filed a claim for personal property stolen from her.
4. That prior to November 28, 1983, the Plaintiff, SCOTTIE N. SINGER, had filed more than one claim for personal property stolen from her.
6. That the Plaintiff, SCOTTIE N. SINGER, had homeowner's insurance coverage with Ohio Casualty Insurance Company before November 28, 1983.
7. That the Plaintiff, SCOTTIE N. SINGER, had homeowner's insurance with WEST AMERICAN INSURANCE COMPANY, before November 28, 1983.
The application signed by appellant contained a box that stated:
Past losses (Date, Cause, Item damaged, stolen amounts)
Answer: None.
Another box stated:
Has any policy canceled/nonrenewed
/ ____ Yes /x/ No.
Thus, it appears from this record that appellant stated on the application form that she had no policies that had been cancelled or nonrenewed and she had made no previous claims for theft losses; whereas her admissions are that she had previously been insured by more than one company and she had filed more than one claim for personal property stolen from her (the same type of claim for which coverage was sought from Nationwide).
Under the facts of this case, we believe the trial court was correct in holding that the misrepresentations herein were material to the risk involved, as provided in section 627.409(1)(b), Florida Statutes (1983), thus vitiating the policy.
The summary judgment appealed from is affirmed.
ANSTEAD and GLICKSTEIN, JJ., concur.