SMITH, Judge.
Pickover appeals from a final order of the Department of Revenue (DOR) affirming a sales tax assessment on the sale of cocaine under section 212.0505, Florida Statutes (1989). Finding material error in the proceedings below, we reverse.
Appellant was arrested at a residence where he was ostensibly performing plumbing work.[1] His arrest was made after police conducted an undercover purchase of cocaine from the occupant of the residence where appellant was working. He was tried and convicted of trafficking in cocaine and conspiracy to traffic in cocaine. However, the Fourth District later overturned these convictions. Pickover, supra.
Subsequent to his arrest, but prior to his appeal to the Fourth District, appellant was served with a "notice of tax assessment levied against him in connection with the alleged sale of cocaine, and he petitioned for a formal hearing under section 120.57. The petition was filed in appellant’s behalf by his attorney, Guy Turner, who represented appellant in the administrative pro *1281 ceedings until early in the following year. During the early stages of the administrative proceeding, hearings were set but postponed, primarily because of the demands made by the on-going criminal prosecution of appellant. In a stipulated motion for continuance filed August 22, 1989, counsel for the parties agreed that certain witnesses, including a codefendant, as well as appellant, would not be available for deposition “until resolution of the criminal matter.” In this stipulation, the parties agreed to a continuance until October 26, 1989 or later. An order was entered continuing the hearing until October 26, 1989.
Subsequently, in response to another joint motion by the parties, the hearing officer entered an order on October 12, 1989, on motion of the parties cancelling the hearing scheduled for October 26, 1989. The order directed the parties, by November 17, 1989, to advise the hearing officer in writing as to the status of the case or the need to reset the case for hearing. Pursuant to that order, appellant’s counsel directed a letter to the hearing officer dated November 17, 1989 advising that appellant’s criminal case in Broward County had been indefinitely continued by the court. The letter further advised that it appeared that the criminal trial might be held during the second week of December 1989. Appellant’s counsel requested that the administrative hearing be continued for another two months in order to allow time to complete the criminal ease “and discovery in this cause.”
Pursuant to counsel’s November 17, 1989 letter, the hearing officer entered an order on November 20, 1989 holding the cause in abeyance until January 19, 1990. The order further provided: “The parties shall advise the Hearing Officer on or before January 19, 1990 as to the status of the case or the need to reset the case for hearing.” No specific response to this order appears in the record.
The next order was entered on January 17, 1990, authorizing the DOR to take the deposition of appellant and his codefendant in the criminal case, Sherry Register.[2]
By motion filed February 2, 1990, appellant’s counsel moved to withdraw as attorney of record, citing “irreconcilable differences” with his client. In response, the hearing officer entered an order on February 7, 1990 requiring appellant’s counsel to provide appellant with a copy of his motion to withdraw, to advise the hearing officer as to appellant’s position regarding the requested withdrawal, and to schedule a hearing by telephone conference, if appellant objected to the withdrawal.
An amended notice of hearing was issued by the hearing officer scheduling a hearing for June 19-20, 1990. A copy of this notice of hearing was served on appellant’s counsel, Guy Turner, and also on Guy Seligman, the attorney representing appellant on this appeal. No record of an appearance by Seligman as appellant’s attorney appears in the record, and Seligman has represented to the court in these proceedings and at oral argument that he was not acting as appellant’s counsel until July 3, 1991, when appellant, after being released from prison, retained Seligman to represent him in this appeal.
Although the record does not clearly reflect it, the parties in this appeal agree that appellant was convicted in the criminal case sometime in the middle of December 1989, and was immediately incarcerated.[3] The motion to withdraw filed by his attorney, Guy Turner, was granted by the hearing officer by order dated March 27, 1990.
We turn now to events which have a critical bearing upon the proceedings below. On May 11, 1990, DOR filed a motion requesting an order by which its request for admissions, served July 25, 1989 on Turner, be deemed admitted. The motion recited that by letter dated March 7, 1990, DOR’s counsel wrote to Turner, with a copy to Guy Seligman, about the need to respond to outstanding discovery requests, *1282 including the request for admissions. As of that date, according to the motion, neither Turner nor Seligman had made any reply. The motion noted that appellant had been tried and convicted in mid-December 1989, and Mr. Turner had not been allowed to withdraw until March 27, 1990. The motion stated also that in spite of contact in early March with Turner, more than two months had passed without a response. The motion stated further that, in view of the absence of any denial or objection from appellant’s counsel or from appellant himself, the matters contained in the request for admissions are conclusively admitted, under Rule 1.370, Florida Rules of Civil Procedure. Noting that a final hearing had been set for June 19-20, 1990, DOR also asserted in its motion for the request for the admissions to be deemed admitted that should the instant motion be denied, there would be insufficient time within which to make further discovery requests. The certificate of service indicates that a copy of the motion was served on appellant at his prison address on May 14, 1990.[4]
At the final hearing on June 19, 1990, DOR’s counsel stated to the court that copies of the motion seeking the request for admissions to be deemed admitted and the motion to compel answer to interrogatories had been mailed to appellant on May 14, 1990 by certified mail, return receipt requested. He stated also that the return receipt was dated May 21, and was signed by an individual at the prison facility whose name could not be determined.
Significantly, the record discloses that the hearing officer entered an order deeming the requests for admission admitted on May 24, 1990, just three days following receipt of DOR’s motions by someone at the prison facility. An order was also entered on May 25, 1990, granting DOR’s motion to compel answer to interrogatories, ordering appellant to answer the interrogatories served upon him on or before June 8, 1990.
At the final hearing on June 19, 1990, DOR presented no evidence connecting appellant with the sale of cocaine other than its recital of certain matters concerning his alleged criminal involvement as stated in the request for admissions served by DOR. We note, however, that the record discloses that DOR’s counsel advised the hearing officer of the receipt of a letter from appellant on June 7, in which, according to DOR’s attorney, “he responds to our interrogatories of July of 1989 as ordered by the hearing officer.” Counsel further stated: “In his response to the interrogatories, he says that he has received my letter of May 14, and that I can take his deposition at any time. Then he goes on to answer the interrogatories. He received the amended notice of hearing, and I believe he’s fully apprised of the posture of his case.”
DOR’s counsel was undoubtedly referring to the letter dated June 2,1990 written and signed by appellant personally, which was the subject of appellant’s motion to supplement the record during his appeal to this court. Pursuant to this court’s order to show cause, DOR objected to inclusion of the June 2, 1990 letter and argued further: “Regardless of whether the letter was a response to appellee’s interrogatories (the June 2 letter itself is captioned ‘Interrogatories’) or its request for admissions, the letter itself was untimely.” We note also that in DOR’s brief, which was filed before this court’s order routinely denying the request for supplementation of the record, DOR’s counsel discounted appellant’s contention that the letter was actually an answer to the request for admis *1283 sions.[5] DOR supported this argument with reference to the fact that appellant had been personally served on May 31, 1990 with the hearing officer’s order to answer the interrogatories propounded to him on or before June 8, 1990, and suggesting, albeit in a somewhat offhand manner, that “it may be that the appellant’s ‘interrogatories’ were in response to the above-quoted order?” In the light of DOR’s response to the motion, and its discussions of the letter in its brief, we are of the view that reexamination is warranted as to the circumstances surrounding DOR’s failure to submit the letter to the hearing officer for his independent examination.
Several of the unusual facets of this case must be emphasized. As indicated, appellant was tried and convicted in the circuit court on a charges of trafficking in cocaine and conspiracy to traffick. He was incarcerated throughout much of the administrative proceedings, including the final hearing. As noted, the Fourth District Court of Appeal reversed appellant’s criminal conviction subsequent to the final order affirming the tax assessment, Pickover v. State, supra, on the ground that the evidence was not sufficient to submit to a jury, and so appellant’s motion for a judgment of acquittal should have been granted.
We note also the confusing situation that existed with respect to the discovery aspects of the administrative proceeding. Discovery was clearly held in abeyance by order of the hearing officer until January 19, 1990. However, the parties neither sought nor received any further order establishing a time schedule for discovery compliance, and it does not appear from the pleadings or correspondence in the record that counsel for the parties had come to any firm understanding concerning deadlines for discovery. Further, appellant was left at a disadvantage when his counsel was allowed to withdraw from representation. In the meantime, counsel for DOR continued to correspond with appellant’s attorney, even after his motion to withdraw, instead of seeking clarification or an order from the hearing officer setting some discovery deadlines.
Finally, obviously being in some doubt as to the matter, DOR sought the order deeming its request for admissions admitted by appellant. Here again, we note the severely abbreviated time frame within which appellant was given an opportunity to act after receiving the motion concerning the request for admissions, which, as we have already noted, did not include a request for or notice of hearing on the motion. As above noted, the motion was received in the prison facility on May 21, 1990, and the hearing officer’s order that the request should be deemed admitted was dated May 24, 1990, three days later. Shortly thereafter, on June 7, 1990, DOR’s counsel was served with appellant’s June 2, 1990 letter.
We have concluded that error occurred when the hearing officer proceeded to enter a recommended order without first admitting and considering appellant’s June 2, 1990 letter. We are mindful that appellant did not move to withdraw or amend the admissions, as provided by Rule 1.370(b), Florida Rules of Civil Procedure. Nevertheless, given the unique factual context of this case, the June 2, 1990 letter should have been submitted to the hearing officer for consideration as appellant’s response to the request for admissions, and the hearing officer should have excused the untimely nature of appellant’s response. See, Pelkey v. Commander Motel Corp., 510 So.2d 965 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 585 (Fla.1988) (absence of a motion did not preclude trial court from granting relief from the failure to timely respond to requests for admissions, especially when the opposing party would not be prejudiced by the acceptance of a belated response). Because DOR had appellant’s June 2, 1990 *1284 letter in its possession at the time of the final hearing, it was charged with knowledge of appellant’s attempt, albeit belated, to respond to the discovery requests made upon him. Further, although we do not suggest any concealment motive on the part of DOR, it now appears that the fairness of the proceeding below was impaired by DOR’s action in failing to submit appellant’s letter to the hearing officer for his independent evaluation, so that the hearing officer could have made the determination that the letter was appellant’s answer to DOR’s request for admissions, rather than simply an answer to interrogatories as stated by DOR.[6] Had the hearing officer been-allowed to consider appellant’s response, it may well be that the case would have been resolved in a different manner.[7] We therefore reverse the final order of the Department and remand this cause with directions that the matter be scheduled for hearing de novo before a hearing officer, at which time DOR shall be required to present appropriate proof to substantiate the basis for its tax assessment, and appellant shall be given full opportunity to present evidence in defense of the same.
REVERSED and REMANDED.
ERVIN and ALLEN, JJ., concur.

. For a more detailed version of appellant's pri- or criminal case, see Pickover v. State, 580 So.2d 287 (Fla. 4th DCA 1991).

. The record does not disclose that these depositions were ever taken, and DOR's counsel at oral argument stated that they were not.

. As noted, appellant’s conviction was reversed on appeal and he was absolved of the criminal charges against him.

. It is noted that in the letter dated March 7, 1990,'DOR’s counsel acknowledged that appellant’s counsel had provided copies of "the criminal discovery documents,” but, according to DOR's counsel, "these documents do not satisfy the interrogatories, the request for production or the request for admissions served by me last summer.” Also on May 11, 1990, DOR’s attorney filed a motion to compel answers to its interrogatories propounded to petitioner’s counsel on July 26, 1989. This motion was apparently mailed to appellant at his prison address on May 14, 1990. As noted in this opinion, these *1283 documents could not have been received by appellant before May 21, 1990.

. We have again examined the letter in question, and note that it contains two numbered paragraphs, and paragraphs lettered a-j, preceded by the heading "Interrogatories.” In substance, as well as form, these lettered paragraphs are unmistakably categorical answers to and a denial of the matters which are contained in DOR’s request for admissions. DOR’s request for admissions contains identically lettered paragraphs, a-j, and each of appellant’s answers a-j in his letter correspond to the request for admissions in minute detail.

. Counsel appearing for DOR on this appeal was not counsel representing DOR in the proceeding before the hearing officer.

. Cf. Castillo v. Department of Administration, Division of Retirement, 593 So.2d 1116 (Fla. 2d DCA 1992) (remand for fact-finding proceeding required where affidavits submitted with brief on appeal, concerning timeliness of filing of petition with agency, were not before agency below when it dismissed appellant's petition as untimely).