678 So.2d 464 (1996)
The STATE of Florida, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT, and Amy Urbina, Appellants,
v.
Herberto J. ARAVZ, Appellee.
No. 95-2030.
District Court of Appeal of Florida, Third District.
August 14, 1996.
*465 Robert A. Butterworth, Attorney General, and Keith S. Kromash, Assistant Attorney General, for appellants.
Steven Grossbard, Miami, for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
PER CURIAM.
The State of Florida and Amy Urbina appeal the dismissal of a URESA proceeding. For the following reasons, we reverse.
Based on a complaint initiated in California by Ms. Urbina, the State of Florida filed a URESA petition, chapter 88, Florida Statutes (1993), here against Herberto Aravz seeking a paternity determination, child support, and medical coverage. Urbina's paternity affidavit alleged the baby was conceived as a result of sexual intercourse with Aravz in September 1986. Aravz filed a request for admission that Urbina had not had sexual intercourse with him anytime after January 1986. Because the state filed the denial of this request for admission untimely, the trial court deemed admitted the lack of sexual activity between the parties after January 1986, under Florida Rule of Civil Procedure 1.370(a). The court presumed Aravz's non-paternity, granted the motion to dismiss, and vacated a recommended order for a physical examination.
Dismissal based solely on the state's failure to timely answer a request for admissions is inappropriate where Urbina's core allegation in all other affidavits and pleadings is that Aravz is the father. "[T]he withdrawal of the technical admission[] and acceptance of the belated response would serve to facilitate the presentation of the case on its evidentiary merits." Sher v. Liberty Mut. Ins. Co., 557 So.2d 638, 639 (Fla. 3d DCA 1990) (quoting DeAtley v. McKinley, 497 So.2d 962, 963 (Fla. 1st DCA 1986)); see also Ramos v. Growing Together, Inc., 672 So.2d 103 (Fla. 4th DCA 1996); Stembridge v. Mintz, 652 So.2d 444 (Fla.3d DCA 1995); Melody Tours, Inc. v. Granville Mkt. Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982).
Reversed and remanded.