PARKER, Chief Judge.
Romerio Walker appeals the summary final judgment which ordered the forfeiture of his vehicle and its contents to the City of Bartow (the City). We reverse.
On June 4,1997, the City filed an amended verified complaint for probable cause and for final order of forfeiture pursuant to sections 932.701-.707, Florida Statutes (1995). The City alleged that Walker had used his vehicle as an instrumentality in the commission of an aggravated assault on a police officer in violation of section 784.07, Florida Statutes (1995). At the probable cause hearing, Walker denied the City’s allegation under oath. The court determined that probable cause existed and directed Walker to respond. Walker filed his response to the complaint and specifically denied that he used his vehicle to commit a felony.
On August 12, 1997, the City filed separately a request for admissions, interrogatories, and request for production of documents directed to Walker. When Walker failed to respond to these requests in thirty days,[1] the City filed a motion for summary judgment and set a hearing for November 24, 1997. Walker timely filed his response to the motion for summary judgment and denied that the material facts were uncontroverted. On November 20, 1997, Walker served an untimely response to the City’s interrogatories in which he denied that he ever attempted to assault a police officer with his vehicle. Walker made an ore tenus motion to file responses to the City’s request for admissions and request for production on November 24,1997, at the summary judgment hearing. The record in this ease is not clear as to whether the trial court considered Walker’s motion and denied it, or refused to consider the motion.
However, on December 1, 1997, Walker filed a renewed motion to file response to request for admissions. Following a hearing, the court noted that Walker’s response to request for admissions was untimely and was made without leave of court as required by Florida Rule of Civil Procedure 1.370(b). *384 The court entered a summary final judgment of forfeiture on December 8, 1997. In its judgment, the court stated that “there are no material issues of fact based on the matters deemed conclusively admitted in the Requests for Admissions filed and served in this cause.”
Critical to the resolution of this case is whether the trial court should have granted Walker’s ore tenus motion to file his belated response to the City’s request for admissions. Under the Florida Rules of Civil Procedure, failure to supply a written answer to a party’s request for admissions results in an admission. See Fla. R. Civ. P. 1.370(a). However, the rules also authorize the courts “on motion” to permit amendment of the admission if the presentation of the merits will be served and the party who obtained the admission fails to prove it will prejudice their case. See Fla. R. Civ. P. 1.370(b). Out-sister courts disagree as to whether rule 1.370(b) requires a motion before a court can permit amendment of an admission.
The Third District Court has concluded that a party does not have to file a motion before a court can allow a belated response to a request for admissions to be filed. See Sher v. Liberty Mut. Ins. Co., 557 So.2d 638, 639 (Fla. 3d DCA 1990). The Fifth District Court has chosen the other extreme, refusing to allow a filing without a motion. See Morgan v. Thomson, 427 So.2d 1134, 1135 (Fla. 5th DCA 1983) (“No motion, no relief, no error.”). The Fourth District Court follows the Fifth District Court’s bright-line rule denying amendment without a motion unless the error which resulted in the untimely filing resulted from a technical error. See Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992) (reversing denial of a late response when lateness was due to a diary error); Wood v. Fortune Ins. Co., 453 So.2d 451, 452 (Fla. 4th DCA 1984) (a trial court can allow a belated response without a motion if the error is due to a tickler system failure). The First District Court has not expressly addressed the issue, but appears to follow the reasoning of the Fourth District Court. See DeAtley v. McKinley, 497 So.2d 962 (Fla. 1st DCA 1986); Florida Aviation Academy v. Charter Air Ctr., Inc., 449 So.2d 350 (Fla. 1st DCA 1984).
We adopt the position taken by the Fifth District Court to the extent that rule 1.370(b) requires a motion before an admission may be withdrawn. This interpretation is consistent with the plain language of rule 1.370(b) that “[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the motion.” (emphasis added). Additionally, the City is incorrect in arguing that Walker did not comply procedurally with rule 1.370(b) because he filed his motion to file response to request for admissions after the hearing on the motion for summary judgment.
In this case, Walker made an ore tenus motion to file a belated response at the summary judgment hearing. The rule adopted by the supreme court does not require that the motion be in writing or be filed before a hearing in order to meet the requirements of rule 1.370(b). Moreover, the Fourth District Court has treated an ore tenus motion made at a hearing as complying with rule 1.370(b). See Wilson v. Department of Admin., 538 So.2d 139, 140-41 (Fla. 4th DCA 1989). Therefore, an ore tenus motion brought to the attention of the trial court at a hearing during which the admissions will be considered appears sufficient to satisfy the rule. Although such a motion is obviously not encouraged because it will likely result in a continuance, the current rule requires the trial court to hear it.
Because we conclude that Walker did comply procedurally with rule 1.370(b) by making his motion before the hearing on the City’s motion for summary judgment, we reverse and remand the case to the trial court for consideration of Walker’s motion. On remand, the court will have to determine whether Walker’s belated response would facilitate the presentation of the ease on its evidentiary merits, without prejudice to the City. See Fla. R. Civ. P. 1.370(b). In light of the evidence presently before this court, that question should be answered in the affirmative.
Where the defendant maintains a position contrary to the automatic admission in all other pleadings and affidavits filed prior to summary judgment, the withdrawal of the *385 admission and acceptance of the belated response serve presentation of the case on the merits. See Sher, 557 So.2d at 639. While it is normally within the trial court’s discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission. See State Dep’t of Revenue v. Aravz, 678 So.2d 464, 465 (Fla. 3d DCA 1996); Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992). In the instant case, the trial court granted summary judgment based on the automatic admission that Walker used his vehicle to assault a police officer. However, Walker denied the same in sworn testimony during his probable cause hearing, in his answer to the complaint, and in his answers to interrogatories. Unless the City can satisfy the court on remand that its case will be prejudiced by allowing the filing of the belated response to the request for admissions, the court should grant Walker’s motion because a belated response would serve presentation of the case on its evidentiary merit.
Reversed and remanded.
GREEN and CASANUEVA, JJ., Concur.

. Under the Florida Rules of Civil Procedure, a party must respond to a request for interrogatories, request for production of documents, and request for admissions made after service of initial pleadings within thirty days. See Fla. R. Civ. P. 1.340(a), 1.350(b), and 1.370(a).