777 So.2d 1113 (2001)
Dwight DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1421.
District Court of Appeal of Florida, Fourth District.
January 31, 2001.
*1114 Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Dwight Daniels appeals from his conviction and sentence for possession of cocaine with intent to deliver or sell. Because the state's evidence failed to establish constructive possession of cocaine, the motion for judgment of acquittal should have been granted.
At trial, the state presented evidence that Deputy Stettek and Detective Condoleo of the Broward Sheriffs Office conducted a traffic stop of appellant's vehicle for a broken taillight. Appellant was driving and Dedrick Brown (Brown) was riding in the front passenger seat. When the officers pulled over the vehicle, Deputy Stettek observed appellant lean down towards the passenger side floor of the vehicle. As the officers approached the vehicle, they could smell an odor of marijuana coming from the vehicle. Deputy Stettek went over to the driver's side, while Detective Condoleo stood by the passenger's door. Appellant immediately got out of the car. He seemed nervous and agitated and asked why he was pulled over. After discovering through a teletype check that appellant's license was suspended, Deputy Stettek arrested appellant and placed him in custody.
Detective Condoleo, whose attention remained focused on the passenger, Brown, noticed that Brown had a gray vial in his left hand. He watched as Brown stretched his arms behind him and dropped the vial in the rear passenger area of the vehicle. He requested Brown to exit the vehicle. When Brown complied, the officer retrieved the vial from the rear passenger floor. The vial, which Detective Condoleo confirmed was the same vial he had seen in Brown's left hand, contained forty-five crack cocaine rocks. During a search incident to Brown's arrest, the officers discovered some baggies of marijuana in Brown's pocket.
No drugs of any kind were found in appellant's possession. However, the officers seized approximately $1,031 in cash from appellant's pocket. At trial, Deputy Stettek was allowed to testify, over defense counsel's objection, that based upon his experience in narcotics investigations and arrests, the denominations of the currency were consistent with the sale of crack cocaine. The currency consisted of three $100 bills, three $50 bills, twenty-seven $20 bills, four $10 bills, and one $1 bill. The officer testified that, although crack cocaine is sold in different size pieces, ranging from a $5 "chip" to a $50 piece, or in bulk pieces for $100 or $200, the most common sale is for a $20 piece of crack cocaine. He pointed out that appellant had a high quantity of $20 bills.
At the close of the state's case, defense counsel moved for a judgment of acquittal, arguing that the cocaine was found in *1115 Brown's exclusive possession and that the state failed to present a prima facie case of constructive possession. He emphasized that the vial of cocaine was not in plain view and that the evidence was insufficient to establish appellant's knowledge of the cocaine's presence and his ability to exercise dominion and control over the contraband. The trial court denied the motion for judgment of acquittal.
Appellant called Brown as a witness. At the time of trial, Brown was serving a prison sentence imposed after his guilty plea to possession of cocaine and marijuana. Brown testified that the cocaine discovered by the officers belonged to him. He said that he had known appellant all his life and that they had attended school and grown up together in the projects. On the day of their arrest, appellant had picked Brown up at his house several hours earlier and they had spent the day together hanging out and "cruising" in appellant's car. Brown had several crack cocaine rocks in his possession that he had been carrying around in a pill bottle inside his pocket for about two days. On direct and cross-examination, he maintained that appellant did not use drugs and that appellant did not know about the drugs in Brown's possession. When the police approached appellant's car during the traffic stop, Brown reached into his pocket, grabbed the pill bottle, and held it in his left hand until he tried to dispose of it by dropping it behind him onto the rear floorboard of the car.
Appellant also testified. He said he was a full-time student at Broward Community College studying to become a radiologist. He and Brown had been best friends since childhood and he continued to socialize with Brown although he knew that Brown occasionally sold drugs. On the day of his arrest, appellant picked Brown up at his house. Before he allowed Brown to get into his car, he warned him, as he had "millions of times" before, not to bring along any drugs and reminded him that he did not "allow that stuff." During the entire time they were together that day, appellant did not see Brown possess or exhibit any drugs or engage in any drug dealing activity.
When appellant was pulled over by the police, he immediately reached over into the passenger area to retrieve his license, registration, and insurance. He said that he knew from previous traffic stops to have the documents ready to hand to the police. Shortly thereafter, as he was being handcuffed by Deputy Stettek for driving with a suspended license, he saw Detective Condoleo remove Brown from the passenger side and heard him say that he had found drugs in his car. Appellant told the police they were not his. When questioned at trial about the money found in his pocket, appellant explained that he had received about $800 that morning from his grandmother and aunt to pay their mortgage, light bill, and phone bill at the check cashing store. A little over $200 was money he had earned working part-time in his uncle's roofing business. Appellant denied knowing that Brown had drugs in his possession and denied that the money in his possession was in any way connected to Brown's drug possession.
After the defense rested, appellant renewed his motion for judgment of acquittal, arguing that he had presented a reasonable hypothesis of innocence, which was unrebutted by the state. The trial court denied the motion. On appeal, appellant submits that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove constructive possession of the cocaine.
As we explained in Dupree v. State, 705 So.2d 90, 93-94 (Fla. 4th DCA 1998):
Generally, on a motion for judgment of acquittal, the court should not grant the motion unless, when viewed in a light most favorable to the State, the evidence does not establish the prima facie case of guilt. Proko v. State, 566 So.2d 918, 919 (Fla. 5th DCA 1990). "In moving for a judgment of acquittal, a defendant admits *1116 all the facts and evidence adduced at trial, as well as every conclusion favorable to the state that a jury might fairly and reasonably infer therefrom." Boyce v. State, 638 So.2d 98, 99 (Fla. 4th DCA 1994); see also Lynch v. State, 293 So.2d 44, 45 (Fla.1974). "The state is not required to `rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." State v. Law, 559 So.2d 187, 189 (Fla.1989). "It is the trial judge's proper task to review the evidence to determine the presence or absence of competent proof from which the jury could infer guilt to the exclusion of all other inferences." Law, 559 So.2d at 189 (citing Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976)).
In this case, the evidence presented by the state to show appellant's constructive possession of the cocaine was wholly circumstantial. The sufficiency of circumstantial evidence must be reviewed according to the standard given in Law, 559 So.2d at 188-89.
The law as it has been applied by this Court in reviewing circumstantial evidence cases is clear. A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.
. . . .
... A motion for judgment of acquittal should be granted in a circumstantial evidence case if the State fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilty. See Wilson v. State, 493 So.2d 1019, 1022 (Fla.1986). Consistent with the standard set forth in Lynch [v. State, 293 So.2d 44 (Fla. 1974) ], if the state does not offer evidence which is inconsistent with the defendant's hypothesis, "the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law." 293 So.2d at 45 (Fla.1974). The state's evidence would be as a matter of law "insufficient to warrant a conviction." Fla.R.Crim.P. 3.380.
Dupree, 705 So.2d at 94.
We went on to explain in Dupree that constructive possession requires proof of three elements:
To establish constructive possession of a controlled substance, the state must show that the accused had dominion and control over the contraband, that he must have knowledge that the contraband was within his presence, and he must have knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250, 252 (Fla.1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983)(citing Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981)). If the premises on which the contraband is found is in joint, rather than exclusive, possession of a defendant, knowledge of the presence of the contraband on the premises and the accused's ability to maintain control over it will not be inferred, but must be established by independent proof. Brown, 428 So.2d at 252; see also Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere *1117 location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises. Murphy v. State, 511 So.2d 397, 399 (Fla. 4th DCA 1987); see also Brown v. State, 519 So.2d 1045 (Fla. 4th DCA), review denied, 531 So.2d 167 (Fla.1988). Mere proximity to contraband is not sufficient to establish constructive possession. Lewis [v. State], 570 So.2d 346, 348 (Fla. 2d DCA 1990); see also Jean v. State, 638 So.2d 995 (Fla. 4th DCA), review denied, 645 So.2d 452 (Fla.1994).
705 So.2d at 94-95.
This court has consistently held that when contraband is found in a vehicle which is in the possession of two or more persons, circumstantial evidence of the defendant's knowledge of the presence of the contraband must be consistent with the accused's guilt, inconsistent with innocence, and must exclude every reasonable hypothesis except that of guilt. See Thomas v. State, 743 So.2d 1190 (Fla. 4th DCA 1999) (holding that state failed to prove defendant had constructive possession of marijuana even though defendant owned and was driving car in which marijuana was found, where there was no evidence that defendant knew of illicit nature of marijuana cigarette or that she knew it was in her presence); Pressley v. State, 712 So.2d 1240 (Fla. 4th DCA 1998) (reversing conviction for possession of cocaine and marijuana where state failed to establish defendant's knowledge of the presence of the illegal drugs); In the Interest of E.H., 579 So.2d 364 (Fla. 4th DCA 1991) (holding that state failed to show constructive possession of cocaine where evidence failed to exclude the possibility that the contraband belonged to defendant's passenger, or that it had been discarded by one of the three men who had been leaning inside defendant's vehicle before they fled police).
In this case, the state presented no evidence that the vial of cocaine was in open view in the vehicle while it was occupied by both appellant and Brown or that appellant knew of the cocaine's presence. The state did not introduce any independent proof establishing appellant's knowledge of the cocaine, such as incriminating statements or fingerprints, or any other evidence connecting appellant to the cocaine.[1] Instead, the state's evidence tended to show Brown's exclusive possession and abandonment of the contraband. The vial of cocaine retrieved from the vehicle's rear floor was first observed by Detective Condoleo in Brown's left hand. The officer maintained visual contact with the vial until Brown dropped it on the rear floor to avoid detection. At that time, appellant was in police custody outside the vehicle and unable to exert any control or dominion over the contraband.
The state argues that there was sufficient circumstantial evidence from which the jury could reasonably infer appellant's actual knowledge of the cocaine's presence. The independent proof relied upon by the state consisted of the following: appellant's leaning down towards the passenger area when he was stopped for the traffic violation; the odor of marijuana coming from the car; appellant's nervous and agitated manner when he exited his vehicle; appellant's association with a drug dealer, and appellant's possession of a large amount of cash in $20 bills.[2] We disagree that these *1118 circumstances, viewed in the light most favorable to the state, sufficiently established that appellant had constructive possession of cocaine. The evidence failed to exclude every reasonable hypothesis of innocence and rule out the possibility that the cocaine belonged to the passenger. As such, the motion for judgment of acquittal should have been granted.
We reverse the judgment of conviction for possession of cocaine with intent to deliver or sell and remand this case to the trial court with directions to discharge appellant.
REVERSED and REMANDED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] At the hearing on appellant's motion for judgment of acquittal made at the close of the state's case, the prosecutor told the court that Officer Stettek testified that he observed appellant lean over to the passenger floor area and drop something. The prosecutor acknowledged that he "could be mistaken about that," but that his recollection was that the officer saw appellant actually drop something. The record confirms defense counsel's statement to the court that Officer Stettek testified only that he observed appellant lean down towards the passenger floor area; not that he saw appellant drop something. In fact, the officer testified that he never saw appellant "grab, retrieve or put down" anything.
[2] Defense counsel argued to the jury that the amount and denominations of currency in appellant's possession were not unusual for many members of his community (African-American) who customarily rely on check cashing stores for transacting business in lieu of banks and other financial institutions.