NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re forfeiture of: )
$2470.00 in U.S. Currency. )
)
IRA BULL MORELAND, )
)
        Appellant, )
)
v. ) Case No. 2D13-6217
)
THE CITY OF FORT MYERS, )
)
        Appellee. )
_____ )

Opinion filed May 8, 2015.

Appeal from the Circuit Court for
Lee County; Alane Laboda, Judge.

Ira Bull Moreland, pro se.

Grant W. Alley, City Attorney, and Cody
Vaughan-Birch, Assistant City Attorney,
City of Fort Myers, for Appellee.


NORTHCUTT, Judge.

        Ira Bull Moreland appeals a final summary judgment awarding to the City

of Fort Myers $2470 in currency that was seized from Moreland during a search of his

apartment.  We reverse because there were disputed issues of material fact that

precluded summary judgment.

Officers from the Fort Myers Police Department searched Moreland's apartment pursuant to a warrant that was based, in part, on allegations that drugs were being sold from the premises. Moreland refused to comply with the search. He tried to barricade himself in a bedroom, but the police were able to secure and arrest him. Following the arrest, the police found the disputed cash in Moreland's pockets. The police also found a plastic candy container containing nineteen pieces of crack cocaine on the bed. Moreland admitted that the drugs were his. In another bedroom, the police found a small piece of burned steel wool and a razor blade, both bearing cocaine residue.

Pursuant to the Florida Contraband Forfeiture Act, the City filed a petition for forfeiture of the money seized during the search. See §§ 932.701-.706, Fla. Stat. (2011). The petition alleged that Moreland was a drug dealer and that the cash was contraband. Contraband is defined in the Forfeiture Act as including

> currency . . . that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893 [relating to illegal drugs], if the totality of the facts presented by the state is clearly sufficient to meet the state's burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction.

§ 932.701(2)(a)(1).

The circuit court found probable cause for the forfeiture. In response, Moreland asserted that the drugs found at the scene were for his personal use and that he was never caught selling drugs. He further asserted that the cash came from his Social Security/SSI checks and that he was planning to purchase a car with the money

on the day of his arrest. The City denied these allegations. Thereafter, Moreland filed two verified motions that repeated these claims.

The City later filed a motion for summary judgment. It attached the affidavits that had been submitted for the search warrant and the arrest affidavit filed after Moreland's arrest. The City also attached a request for admissions, which Moreland had never answered. In the request for admissions, Moreland was asked to admit that he sold illegal drugs and that the seized money was connected to his drug-selling activities, assertions that were directly contrary to what Moreland had claimed in his court filings.

The arrest affidavit showed that Moreland was arrested for selling cocaine within 1000 feet of a specified location and for resisting without violence. The affidavit in support of the search warrant recited that there had been citizens' complaints about drug dealing and that there were two drug purchases in Moreland's apartment by a confidential informant. Notably, however, the affidavit recited that the drugs were sold by a female. Although the events occurred at his apartment, Moreland was not mentioned in connection with these transactions.

In a verified motion to dismiss, Moreland repeated his assertions that the money came from his Social Security checks and said that he had produced documentation to support this claim. Throughout the proceedings, Moreland repeatedly asked for the appointment of counsel, which was denied.[1] After a hearing at which Moreland appeared by telephone, the circuit court granted the City's motion for

---

[1]Defendants in civil forfeiture proceedings are not entitled to the appointment of counsel. In re Forfeiture of $2,311.45 U.S. Currency, 559 So. 2d 717, 718 (Fla. 1st DCA 1990).

summary judgment and entered an unelaborated final judgment. Moreland now appeals.

Moreland argues, and we agree, that the circuit court erred by granting summary judgment despite Moreland's defense that the money came from his Social Security benefits rather than from illicit drug dealing. Summary judgment may not be granted unless there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Bradenton City Police Dep't v. Thirteen Thousand Eight Hundred Ninety-Five Dollars ($13,895.00) in U.S. Currency, 535 So. 2d 326, 328 (Fla. 2d DCA 1988). Here, there were disputed issues of material fact regarding the source of the money.

The City relied, in part, on technical admissions occasioned by Moreland's failure to respond to its request for admissions. Although a court normally has discretion to rely on a technically deemed admission to support a summary judgment, it is error to do so if the record contains evidence contradicting the admission. Walker v. City of Bartow Police Dep't (In re Forfeiture of 1982 Ford Mustang), 725 So. 2d 382, 385 (Fla. 2d DCA 1998); see also Mahmoud v. King, 824 So. 2d 248 (Fla. 4th DCA 2002) (holding, and citing like cases that hold, summary judgment is not proper based on a failure to respond to requests for admissions when the record otherwise reveals disputed issues of material fact).

In this case, the pro se litigant has continually contradicted the City's assertions about the source of the money. And the remaining circumstances relied upon by the City did not, by themselves, conclusively resolve the dispute. The City claimed that the crack was packaged for sale, but it appears from the record that the

- 4 -

packaging was not inconsistent with personal use.  See Jackson v. State, 818 So. 2d 539, 541 (Fla. 2d DCA 2002) (noting that quantity or packaging of drugs may be circumstantial evidence of intent to sell but that six baggies containing a total of five grams of cocaine was not necessarily inconsistent with personal use).  The City asserted that the denominations of the currency were consistent with drug dealing.  But Moreland did not have only smaller denominations.  While the total amount of cash might have been sufficient to create a question for the trier of fact, it did not suffice for summary judgment.  Cf. Daniels v. State, 777 So. 2d 1113 (Fla. 4th DCA 2001) (reversing conviction for possession of cocaine with intent to sell; while driver had $1031 in various denominations, evidence was not sufficient to establish driver's constructive possession of drugs by ruling out the reasonable hypothesis that the drugs belonged to the passenger).

Further, the affidavit in support of the search warrant reported that a female, not Moreland, was selling drugs from the apartment.  And, contrary to the City's argument to the circuit court, there was smoking paraphernalia in the apartment.  This was consistent with Moreland's claim that the drugs found at the scene were for personal use.  See Lester v. State, 891 So. 2d 1219, 1220 (Fla. 2d DCA 2005) ("The officer testified that Brillo is often used in crack pipes as a filter . . . .").

Accordingly, we must reverse the summary judgment and remand for further proceedings.  See Beary v. Gay, 732 So. 2d 478 (Fla. 5th DCA 1999) (reversing summary judgment which denied a forfeiture petition, directed to cash discovered in a suitcase, when there were material disputed issues of fact regarding whether there was a nexus between the money and illegal drug activity).

The districts differ over the necessity to file a motion to obtain relief from technical admissions occasioned by a failure to respond. This court has held that a motion is required. Walker, 725 So. 2d at 384, disagreed with by Ruiz v. De Varona, 785 So. 2d 508 (Fla. 3d DCA 2000) (reversing summary judgment when there were disputed issues of material fact notwithstanding technical admissions caused by the failure to respond to requests for admissions; certifying conflict with this court's opinion in Walker on whether a motion was required to relieve a party from such admissions). On remand, we anticipate that Moreland would move for permission to file a belated response to the City's request for admissions and that the circuit court would grant that request. Given Moreland's repeated and consistent explanation about the source of the money, the City would be hard pressed to claim prejudice. See Walker, 725 So. 2d at 384 (explaining that the court should allow a technical admission to be withdrawn, under Fla. R. Civ. P. 1.370, "if the presentation of the merits will be served and the party who obtained the admission fails to prove it will prejudice their case").

Reversed and remanded.

SILBERMAN and SLEET, JJ., Concur.