NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THERESA Z. SUDMAN,                        )
                                          )
            Appellant,                    )
                                          )
v.                                        )          Case No. 2D16-286
                                          )
MICHAEL J. O'BRIEN, as Trustee of the     )
Michael S. Sudman Trust,                  )
                                          )
            Appellee.                     )
_____    )

Opinion filed May 5, 2017.

Appeal from the Circuit Court for Collier
County; Vincent Murphy, Associate Senior
Acting Circuit Judge.

Philip S. Karle of Abeles & Karle, PLLC,
DeBary, for Appellant.

T. Robert Bullock and Keely F. Morton of
Quarles & Brady LLP, Naples; and Peter
Nealis of Taft Stettinius & Hollister, LLP,
Cleveland, Ohio, for Appellee.


MORRIS, Judge.

            Theresa Z. Sudman appeals an order granting an objection to her election

to take the elective share of her deceased husband's estate, effectively denying her

claim to the elective share.  We have jurisdiction pursuant to Florida Rule of Appellate

Procedure 9.170(b).[1]  We affirm the order because Sudman technically admitted that she had waived her right to the elective share in a prenuptial agreement and she did not demonstrate that she sought to be relieved from her admissions.

Sudman was married to the decedent when he died in 2013.  The trustee of the decedent's trust, Michael O'Brien, filed a petition for administration of the decedent's estate.  Sudman also filed a petition for administration of the decedent's estate.  In May 2014, the trial court appointed Sudman as personal representative and issued orders of administration.

In October 2014, Sudman filed an election to take the elective share of her deceased husband's estate under section 732.201, Florida Statutes (2013).  The trustee filed an objection to Sudman's election, alleging that Sudman had waived her right to take the elective share by signing a prenuptial agreement.  See § 732.702(1).  The trustee then served on Sudman two requests for admissions, asking her to admit that she executed a prenuptial agreement with the decedent prior to her marriage.  Sudman failed to respond to those requests. The trial court conducted a nonevidentiary hearing in December 2015, after which the trial court entered an order finding that the requests for admissions "are deemed ADMITTED" and granting the trustee's objection to Sudman's election to take the elective share.

---

[1]Rule 9.170 was added in 2011 and became effective in 2012.  In re Amendments to the Florida Rules of Appellate Procedure, 84 So. 3d 192, 197-98 (Fla. 2011).  Both parties agree that because the order denies Sudman's claim to the elective share, the order on appeal "finally determine[s] a right or obligation of an interested person as defined in the Florida Probate Code." Fla. R. App. P. 9.170(b); cf. Dempsey v. Dempsey, 899 So. 2d 1272, 1273 (Fla. 2d DCA 2005) (holding that order determining that spouse was entitled to elective share was not final because "the issues of amount, identification of assets, and contribution, if necessary, remain to be resolved").

On appeal, Sudman argues that the trial court erred in treating her failure to respond to requests for admissions as technical admissions that she waived her right to the elective share by signing a prenuptial agreement and in failing to hear her oral motion to be excused from the admissions.

The trial court treated Sudman's failure to respond to the trustee's requests for admissions as admissions that she had entered into a prenuptial agreement with the decedent and had waived her right to the elective share. Florida Rule of Civil Procedure 1.370(a) provides in relevant part that a matter is admitted unless the party answers or objects within thirty days after service of the request, and rule 1.370(b) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Our record does not demonstrate that Sudman asked to be relieved from her admissions. See Morgan v. Thomson, 427 So. 2d 1134, 1134-35 (Fla. 5th DCA 1983) (recognizing that rule 1.370 "provides a liberal standard for the trial court to grant relief by permitting withdrawal or amendment" but holding that "a motion must be made for relief from the admissions automatically resulting from a failure to timely answer a request for admissions" even where the party later files a pleading or affidavit conflicting with the admissions); cf. Walker v. City of Bartow Police Dep't (In re Forfeiture of 1982 Ford Mustang), 725 So. 2d 382, 384 (Fla. 2d DCA 1998) (reversing and remanding for trial court to consider defendant's request to be relieved from his admissions, which request was made orally at a hearing on the plaintiff's motion for summary judgment, because "an ore tenus motion brought to the attention of the trial court at a hearing

during which the admissions will be considered appears sufficient to satisfy" rule 1.370(b)). Had Sudman asked to be relieved from her admissions, she may have been entitled to that relief. See Walker, 725 So. 2d at 385 ("While it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission."); see also Moreland v. City of Fort Myers (In re Forfeiture of $2470.00 in U.S. Currency), 164 So. 3d 111, 113 (Fla. 2d DCA 2015) (reversing summary judgment where defendant's technical failure to respond to request for admissions constituted an admission to a dispositive fact but defendant had "continually contradicted" that fact in various filings leading up to summary judgment). Sudman maintains that she attempted to ask for such relief at the hearing on the trustee's objection but that the trial court refused to hear her oral motion. However, that fact is not apparent from our record because Sudman did not provide a transcript of the hearing or a statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).[2] See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

Our record contains a document filed by Sudman in response to the trustee's objection. Titled "Response to and Motion to Quash Objection to take Elective Share," Sudman's counsel denied the allegation that Sudman had entered into a prenuptial agreement with the decedent. Sudman's counsel also asserted that "the undersigned has a good faith belief that a prenuptial agreement does not and never did

---

[2]Sudman did not respond to this court's order giving her an opportunity to supplement the record with a transcript or a statement of the proceedings.

exist between the [d]ecedent and his wife." But the response contains no sworn allegations by Sudman and does not specifically ask to be relieved from her admissions; therefore, it was not sufficient to refute the facts earlier admitted by her. Cf. Moreland, 164 So. 3d at 112 (even though defendant failed to respond to request for admissions, defendant contradicted fact in a response, two verified motions, and a verified motion to dismiss); Walker, 725 So. 2d at 384-85 (after defendant failed to respond and was deemed to have made admissions, defendant denied the facts in a response to motion for summary judgment, in an untimely response to plaintiff's interrogatories, in an ore tenus motion to file responses to request for admissions, and in a renewed motion to file response to request for admissions).

The record also indicates that *after* the trial court entered its order granting the trustee's objection, Sudman filed an affidavit in which she stated that she "never entered into or signed a prenuptial agreement with" the decedent and that she "never entered into or signed any agreement to waive [her] elective share rights under Florida law." But this affidavit was not presented to the trial court prior to the hearing or the trial court's entry of the order on appeal. Therefore, we do not consider it.

Affirmed.


CASANUEVA and BADALAMENTI, JJ., Concur.

- 5 -