557 So.2d 638 (1990)
Mort SHER, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 89-1933.
District Court of Appeal of Florida, Third District.
February 27, 1990.
*639 Willard K. Splittstoesser, for appellant.
Lanza, O'Connor, Armstrong, Sinclair & Tunstall and Catherine B. Parks, Coral Gables, for appellee.
Before BASKIN, COPE and GODERICH, JJ.
BASKIN, Judge.
Liberty Mutual Insurance Company [Liberty] sued North Bay Boat Works, Inc., [North Bay] and Mort Sher, individually, to recover money due on a draft. North Bay answered the complaint; Sher filed a motion to dismiss in which he asserted that the complaint did not state a cause of action against him individually because he had signed the draft solely in his representative capacity. That motion was never heard. The cause progressed, and Liberty served Sher with a request for admissions asking Sher specifically to admit that both Sher and North Bay were liable on the draft. However, Sher neglected to respond to the request for admissions until approximately 60 days after Liberty served the request. In the interim, prior to the filing of Sher's response, Liberty moved for summary judgment, citing the admissions as support for the motion. The trial court did not rule on the motion for summary judgment until a month and a half after Sher filed his response. Despite the lateness of his response, Sher failed to ask the court for relief from the effects of Rule 1.370(a), Florida Rules of Civil Procedure, which deems admitted matters in unanswered requests for admissions, until after the summary judgment was entered. Instead, Sher sought modification of the trial court's order to compel settlement to have the order reflect that in his individual capacity he was not properly a party. Following the trial court's entry of final summary judgment, Sher commenced this appeal. We reverse.
The only support for the summary judgment was Sher's failure to file a timely response to the request for admissions. In all other pleadings and affidavits filed with the court prior to the entry of summary judgment, Sher alleged that he was not individually liable on the draft. These circumstances presented an issue of material fact for decision, and "the withdrawal of the technical admissions and acceptance of the belated response would serve to facilitate the presentation of the case on its evidentiary merits." DeAtley v. McKinley, 497 So.2d 962, 963 (Fla. 1st DCA 1986); Pelkey v. Commander Motel Corp., 510 So.2d 965 (Fla. 4th DCA 1987); Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982); Love v. Allis-Chalmers Corp., 362 So.2d 1037 (Fla. 4th DCA 1978); Fla.R.Civ.P. 1.370(b); but see Morgan v. Thomson, 427 So.2d 1134 (Fla. 5th DCA 1983) (relief from effect of admissions may not be granted unless party files a proper motion for relief).
Trial courts are required to look beyond the pleadings to determine the propriety of entering summary judgment. Love; DeAtley; Melody Tours. Here, the record is replete with evidence contradicting the admissions created by Sher's failure to file a timely response. Consequently, we hold that summary judgment is an inappropriate resolution, and the trial court erred in refusing to set it aside. Accordingly, we reverse the final summary judgment and remand to the trial court with directions to consider Sher's response to the request for admissions.
*640 Reversed and remanded with instructions.