595 So.2d 284 (1992)
Jewell STERLING, Appellant,
v.
CITY OF WEST PALM BEACH and State Farm Fire and Casualty Company, Appellees.
No. 90-2729.
District Court of Appeal of Florida, Fourth District.
March 18, 1992.
Marjorie Gadarian Graham, Marjorie Gadarian Graham, P.A., and Joseph R. Fields, Jr., Beverly & Freeman, West Palm Beach, for appellant.
Roger J. Slaydon, Law Office of Roger J. Slaydon, West Palm Beach, for appellee State Farm Fire and Cas. Co.
POLEN, Judge.
The appellant, Jewell Sterling, seeks reversal of a final summary judgment entered against her, which was based on an exclusion in a homeowner's policy issued by the appellee, State Farm Fire and Casualty Company (State Farm).
The appellant's home in West Palm Beach was, without warning, flooded with raw untreated sewage. The sewage poured continuously from the appellant's bathtub and toilet, destroying clothes, furniture, carpets and personal property. The *285 flood of sewage was caused by the growth of ficus tree roots, which had worked their way into the sewer lines located outside of appellant's property, but within the City of West Palm Beach.
An expert in home restoration testified that the sewage had poured from the back of the appellant's house all the way out the front door, covering every square inch of the appellant's floor. What was not ruined by the sewage itself was ruined by the acidic fumes coming from the mess. The appellant sustained considerable damages and paid $30,000 just for the home restoration services.
State Farm denied the appellant any coverage benefits, which led to a lawsuit against State Farm and the City of West Palm Beach. State Farm counterclaimed for declaratory relief. The trial court granted final summary judgment in favor of State Farm, based on an exclusion in the applicable homeowner's policy which exempts coverage caused by water damage. Water damage is defined in the policy as:
(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
(2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or
(3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
(Emphasis added.)
The appellant argued to the trial court that the raw, untreated sewage which caused the damage in the case at bar was not water under any definition. The appellant now argues on appeal that there is a substantial issue of material fact as to whether sewage is water under the circumstances of the policy at issue. We agree, and accordingly, we reverse the final summary judgment entered by the trial court. Fla.R.Civ.P. 1.510.
A further issue to be resolved on remand is the determination of the intention of the parties to the policy. There is no mention in the policy of any exclusions for damage caused by raw sewage. If the parties intended that such damages be excluded, then some findings need to be made which reflect this intention. We remind the trial court that if there are any ambiguities in the policy, or if the policy is subject to two or more constructions, then the construction permitting recovery is to be given effect. Insurance policies, and exclusions in particular, are to be construed strictly against the insurer. Poland v. Dash, 441 So.2d 174 (Fla. 3d DCA 1983); Carter v. American Fire & Casualty Co., 219 So.2d 462 (Fla. 4th DCA 1969).
State Farm argues that the appellant admitted the damages sustained by her were the result of water damage, caused by water which backed up through the sewers or drains. State Farm served the appellant's counsel with a request for admission to this effect, but appellant's counsel did not respond according to Rule of Civil Procedure 1.370. Thus, State Farm argues that the matter was deemed admitted.
At the hearing on the motion for summary judgment, counsel for the appellant moved, ore tenus, to file a late response to the request for admissions, and he claimed that it was a mere "diary error" that caused him to fail to respond. The trial court denied the motion. While it is normally within the discretion of trial court as to whether to grant relief of this sort, we hold that the trial court should not have used the technically deemed admission to support a final summary judgment. This is because the record was replete with evidence to the contrary of the supposed admission. Sher v. Liberty Mutual Insurance Co., 557 So.2d 638 (Fla. 3d DCA 1990). The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim. Sher.
*286 We reverse the final summary judgment and remand the case to the trial court for further proceedings.
HERSEY, J., concurs.
ANSTEAD, J., dissents without opinion.