652 So.2d 444 (1995)
John M. STEMBRIDGE, Appellant,
v.
Mark M. MINTZ, Appellee.
No. 93-120.
District Court of Appeal of Florida, Third District.
March 22, 1995.
*445 Rubin, Rubin & Rubin and Eric J. Miller, Miami, for appellant.
Ress, Mintz & Truppman and Keith A. Truppman, North Miami, for appellee.
Before HUBBART, COPE and LEVY, JJ.
COPE, Judge.
Defendant-appellant John M. Stembridge appeals a partial summary judgment on liability in favor of plaintiff-appellee Mark M. Mintz. We reverse.
In 1980 Stembridge was the plaintiff in an action against his insurance company following a fire in a building owned by Stembridge (the "Insurance Action"). Mark J. Mintz was counsel for the insurance company. Although the verdict in that case was in Stembridge's favor, he was unhappy with the result and appealed the matter to this court, which affirmed the judgment. Stembridge v. Preferred Risk, 563 So.2d 646 (Fla. 3d DCA) (table), review dismissed, 569 So.2d 1281 (Fla. 1990).
Subsequently, still unhappy with the results of the Insurance Action, Stembridge filed a form with the Florida Bar entitled "Inquiry/Complaint Form" ("Bar Inquiry").[1] In the Bar Inquiry Stembridge set forth the facts of the Insurance Action and the nature of certain proceedings in that case. He asked whether certain arguments made by Mintz in the Insurance Action "gave rise to any problems as they relate to the rules regulating the Florida Bar... ." The Florida Bar responded, "Having reviewed the entire grievance file, please be advised that your complaint does not evidence that the accused attorney has acted unethically or in violation of the Rules Regulating The Florida Bar. Accordingly, I have closed our file in this matter."
Mintz then sued Stembridge for defamation based on the Bar Inquiry form. Mintz did not make any claim of defamation with respect to the Bar Inquiry form which Stembridge sent to the Florida Bar. However, on the Bar Inquiry form Stembridge showed that he sent copies to several third parties, namely (1) Stembridge's former attorneys who represented him in the Insurance Action; (2) Mintz's law partner who, along with Mintz, represented the insurance company in the Insurance Action, and (3) several governmental agencies.[2] Mintz alleged that he was defamed by the copies which were sent to the other attorneys and the governmental agencies.[3]
Mintz moved for summary judgment as to liability based on Stembridge's failure to respond to requests for admission, arguing that the matters set forth therein  including that the Bar Inquiry form had been filed and that it was not privileged  had been admitted. Stembridge acted as his own counsel in this matter below. In substance he argued that the Bar Inquiry form was not libelous, that it set forth his own opinion, and that his statements were privileged. The trial court granted Mintz's motion, expressly stating that it was doing so based on Stembridge's failure to respond to the requests for admission. *446 Stembridge has appealed and we reverse.
Procedurally, we believe that the rule in Sher v. Liberty Mutual Insurance Co., 557 So.2d 638 (Fla. 3d DCA 1990) indicates that entry of summary judgment based solely on Stembridge's failure to respond to requests for admissions was inappropriate. As set forth in Sher, "[t]rial courts are required to look beyond the pleadings to determine the propriety of entering summary judgment. Here, the record is replete with evidence contradicting the admissions created by [defendant's] failure to file a timely response." 557 So.2d at 639 (citation omitted). Given Stembridge's sworn answers to interrogatories and sworn answer to the complaint, there remained disputed issues of material fact which precluded entry of summary judgment.[4]
On the merits, we agree with Stembridge's argument that the content of the Bar Inquiry form was a nonactionable statement of opinion.
Section 566 of the Restatement (Second) of Torts provides:
A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.
In Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983), this court followed section 566 and summarized the applicable principles:
[S]tatements of pure opinion cannot constitute actionable defamation. However, a statement that although ostensibly in the form of an opinion "implies the allegation of undisclosed defamatory facts as the basis for the opinion," Restatement (Second) of Torts § 566 (1977), is actionable. The difference between the former, unactionable, pure opinion and the latter, sometimes called "mixed opinion," is that:
"Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public. Mixed expression of opinion occurs when an opinion or comment is made which is based upon facts regarding the plaintiff or his conduct that have not been stated in the article or assumed to exist by the parties to the communication."

From v. Tallahassee Democrat, Inc., 400 So.2d 52, 57 (Fla. 1st DCA 1981) [, review denied, 412 So.2d 465 (Fla. 1982)].
It is the court's function to determine from the context "whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion about the plaintiff or his conduct... ." Restatement (Second) of Torts § 566, comment c. If [defendant's] statement would likely be reasonably understood by ordinary persons as a statement of an undisclosed existing defamatory fact, then it was properly the jury's function to determine whether a defamatory meaning was attributed to it by recipients of the communication... .
438 So.2d at 927 (citations omitted);[5]See Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA), review denied, 484 So.2d 1150 (Fla. 1986); Madsen v. Buie, 454 So.2d 727 (Fla. 1st DCA 1984); Hay v. Independent Newspapers, Inc., 450 So.2d 293 (Fla. 2d DCA 1984); Smith v. Taylor County Publishing Co., 443 So.2d 1042 (Fla. 1st DCA 1983); Coleman v. Collins, 384 So.2d 229 (Fla. 5th DCA 1980); Palm Beach Newspapers, Inc. v. Early, 334 So.2d 50 (Fla. 4th DCA 1976), cert. denied, 354 So.2d 351 (Fla. 1977), 439 U.S. 910, 99 S.Ct. 277, 58 L.Ed.2d *447 255 (1978). See generally Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990) (analyzing First Amendment principles); Florida Medical Center, Inc. v. New York Post Co., 568 So.2d 454 (Fla. 4th DCA 1990), review denied, 581 So.2d 1309 (Fla. 1991).
In this case Stembridge's Bar Inquiry set forth the background facts about the Insurance Action. Stembridge stated that in the Insurance Action his counsel had filed several tort counts against his insurance company. Stembridge then summarized certain arguments made by Mintz at a hearing in 1985 in support of the insurance company's successful motion to dismiss the tort counts. Mintz nowhere disputes that he made the arguments attributed to him.
Stembridge went on in the Bar Inquiry for five typewritten pages to summarize, and quote from, various judicial decisions having to do with the duty of an insurance company to its insured. Based on those reported decisions on Florida law, Stembridge asserted that Mintz misquoted Florida law at the hearing. He inquired in substance whether the described "circumstances give rise to any problems as they relate to the rules regulating the Florida Bar, its Code, or Canons of Professional Ethics."
When the Bar Inquiry form is read in its full context, it is clear that Stembridge has expressed a pure opinion, the basis for which is fully disclosed in the Bar Inquiry form. In our view the Bar Inquiry form, when read as a whole, cannot be reasonably interpreted to imply "the allegation of undisclosed defamatory facts as the basis for the opinion." Restatement (Second) of Torts § 566.
As stated in Zambrano v. Devanesan, "The determination whether a statement is fact or opinion is a question of law for resolution by the court. Moreover, an appellate court may make the determination of opinion versus fact on review." 484 So.2d at 606 (citation omitted; emphasis added). We conclude that the Bar Inquiry form was nonactionable pure opinion. That being so, the partial summary judgment in favor of plaintiff Mintz is reversed. On remand, the trial court shall enter judgment in favor of defendant Stembridge on the defamation complaint.
One other point bears comment. In the factual statement we have noted the trial court ruling that there was no qualified privilege for the copies of the Bar Inquiry form which Stembridge sent to the attorneys who participated in the Insurance Action.[6] By his second point on appeal Stembridge contends that the trial court erred by overruling the claim of qualified privilege. Since Stembridge is entitled to entry of judgment on other grounds, we need not reach the privilege issue. Although we leave open the question of qualified privilege, we note that Stembridge's position on this issue is a substantial one.[7]
For the reasons previously stated, the order under review is reversed and the cause remanded with directions to enter judgment in favor of Stembridge on the defamation complaint.
NOTES
[1] Stembridge has consistently taken the position that he filed an inquiry, not a complaint. The Bar's response indicates that the Bar treated it as a complaint.
[2] The governmental offices were the Office of the Governor, the Insurance Commissioner, the Attorneys General of the State of Florida and the United States, and the FBI.
[3] Stembridge also sent a copy to Mintz himself. Mintz makes no complaint about the copy he received personally. Defamation requires publication "to one other than the person defamed." American Ideal Management, Inc. v. Dale Village, Inc., 567 So.2d 497, 498 (Fla. 4th DCA 1990) (citation omitted).
[4] It appears that the failure to file a response to the request for admissions was a result of misunderstanding by the pro se litigant. The trial court entered an order requiring Stembridge to file an answer to the complaint and request for admissions within ten days. Within five days, Stembridge filed a sworn answer and sworn answers to interrogatories. Stembridge recited that his filing was made in response to the court's order.
[5] We follow section 566 of the Restatement as a matter of state law.
[6] The trial court found that there was a qualified privilege for the copies which Stembridge sent to governmental agencies. Mintz has not challenged that ruling here.
[7] The Florida law of qualified privilege is set forth in Nodar v. Galbreath, 462 So.2d 803 (Fla. 1984). See also Leonard v. Wilson, 150 Fla. 503, 509, 8 So.2d 12, 14 (1942); Boehm v. American Bankers Ins. Group, Inc., 557 So.2d 91 (Fla. 3d DCA), review denied, 564 So.2d 1085 (Fla. 1990).

Where a Bar complaint arises out of a lawsuit, we are inclined to think that there is a qualified privilege to give copies of the Bar complaint form to those who participated in the underlying lawsuit. Even if that were not so, assuredly a former client has at least a qualified privilege to communicate with his former lawyers about a matter relating to the prior representation. Most of the individuals who received copies were Stembridge's former lawyers.
The last copy was sent to Mintz's partner. Nodar holds that there is a qualified privilege to complain to an employer about the performance of an employee. 462 So.2d at 809. Certainly a person who files a Bar complaint about a lawyer has a qualified privilege to inform the lawyer's law firm. The law firm has an important interest in knowing of the filing of a Bar complaint about one of its attorneys, and there is a public interest in the free flow of such information to the law firm so that corrective action can be taken in those cases where the complaint is well founded.