785 So.2d 508 (2000)
Francisco Noel RUIZ, Appellant,
v.
Lillie G. DE VARONA and Jorge A. De Varona, Appellee.
No. 3D99-815.
District Court of Appeal of Florida, Third District.
January 19, 2000.
Anthony Meehan Genova, for appellant.
Emilio C. Caballero, for appellees.
Before FLETCHER and SORONDO, JJ., and NESBITT, Senior Judge.

On Motion for Rehearing Granted
NESBITT, Senior Judge.
The opinion of this Court filed on November 17, 1999, is vacated and this opinion is substituted in its stead.
In this action against two homeowners, a general contractor sought sums he claimed were owed for work done. The trial judge, taking the contractor's failure to respond to certain requests for admissions as admissions of those disputed facts, ordered summary judgment in the homeowners' favor. In the order the trial judge specifically noted that the contractor had "untimely filed his response to Defendant's request for Admissions" and specifically noted that the contractor had "never moved for relief from the effect of the admission and for acceptance of the belated Response."
Under Florida Rule of Civil Procedure 1.370(a), failure to timely supply a written answer to a party's request for admissions within thirty days results in an admission. See Fla. R. Civ. P. 1.370(a). Rule 1.370(b) goes on to provide:
Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved *509 by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding.
Absent a motion to withdraw or amend such technical admissions, our sister courts have ruled that summary judgment may be appropriate. See Morgan v. Thomson, 427 So.2d 1134, 1135 (Fla. 5th DCA 1983)("No motion, no relief, no error."); see also In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433, 725 So.2d 382 (Fla. 2nd DCA 1998)(concluding that in compliance with Rule 1.370 a motion must be made before an admission may be withdrawn, but motion could be made ore tenus). In Sher v. Liberty Mut. Ins. Co., 557 So.2d 638, 639 (Fla. 3d DCA 1990), however, this district concluded that trial courts "are required to look beyond the pleadings to determine the propriety of entering summary judgment." We indicated that dismissal based solely on the failure to timely answer a request for admissions would be inappropriate when the pleadings make clear the opposing party's position and the existence of disputed facts.
In the instant case, the trial court had before it a complaint with attached exhibit, a sworn affidavit by the contractor setting out his claims and specifically denying the technical admissions relied on by the homeowners, the homeowners' answers to the contractors' first set of interrogatories, the homeowners' affidavit in support of their motion for summary judgment which arguably contradicted the written contract between the parties, as well as the contractor's belated response to the homeowners' various discovery requests, the contractor's motion to strike the answer and affirmative defenses, and the contractor's motion to compel discovery response.
Thus, as in Sher, 557 So.2d at 639, "the record was replete with evidence contradicting the admissions created by [defendant's] failure to file a timely response." Therefore, following the analysis in Sher, there remained disputed issues of material fact which precluded the summary judgment ordered. Accordingly, we reverse the order under review and remand for further proceedings. We certify conflict with Morgan and In re Forfeiture of 1982 Ford Mustang, to the extent our analysis conflicts with these cases.
Reversed and remanded.