755 So.2d 167 (2000)
Jeffrey BROWN, Appellant,
v.
TRAVELERS INDEMNITY CO., etc., Appellee.
No. 3D99-954.
District Court of Appeal of Florida, Third District.
March 15, 2000.
Jerold Hart, Hollywood, for appellant.
Max A. Goldfarb, Miami, for appellee.
Before GERSTEN, FLETCHER and SORONDO, JJ.
PER CURIAM.
Jeffrey Brown appeals from the lower court's final summary judgment entered in favor of Travelers Indemnity Co. (Travelers).
Brown was in an accident with a motor vehicle owned by J.W. Pennie and operated by Ella Pennie. Travelers, their subrogee, filed a complaint for $25,000 in damages alleging that Brown negligently operated his vehicle. Brown filed a pro se answer, along with an accident report, diagram and explanation. In September 1996, Travelers propounded interrogatories. On January 15, 1997, the trial court entered an order compelling Brown to respond to the outstanding discovery request. On January 22, 1997, Brown allegedly answered the interrogatories and executed a certificate of service on Travelers' counsel, but failed to file a copy with the court. On January 29, 1997, Brown filed a pro se Answer and Demand for Jury Trial, stating: "Defendant denies each and every paragraph and demands strict proof."
On June 6, 1997, Travelers filed a request for admissions. On September 30, 1997, Travelers moved for summary judgment, alleging that there were no genuine issues of material fact as Brown had failed to respond to the requests, which were deemed admitted pursuant to rule 1.370, Florida Rules of Civil Procedure. The court initially denied the motion for failure to provide Brown with proper notice of the hearing, but on November 21, 1997, the trial court entered an order granting final summary judgment, awarding Travelers $25,000.00 plus $196.00 costs and interest. This was error.
In Stembridge v. Mintz, 652 So.2d 444 (Fla. 3d DCA 1995), this Court concluded that entry of summary judgment based solely on the appellant's failure to respond to requests for admissions was inappropriate. See also Ruiz v. De Varona, 25 Fla. L. Weekly D197, ___ So.2d ___, 2000 WL 36222 (Fla. 3d DCA Jan.19, 2000); Sher v. Liberty Mut. Ins. Co., 557 So.2d 638, 639 (Fla. 3d DCA 1990).
The final summary judgment is reversed and this cause is remanded for further proceedings.