# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1730
Lower Tribunal No. 12-36523

_____

**Wells Fargo Bank, N.A., etc.,**
Appellant,

vs.

**Melissa M. Donaldson,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Lapin & Leichtling, LLP, and Jonathan R. Rosenn, for appellant.

Graham Legal, P.A., and H. Dillon Graham, III, for appellee.

Before SHEPHERD, C.J., and FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Wells Fargo Bank, N.A. etc. appeals from a final judgment of involuntary dismissal following a non-jury trial. We reverse the order of dismissal because the

record supports the denial of Wells Fargo's technical admissions in the underlying mortgage foreclosure suit filed against appellee Melissa M. Donaldson.

Wells Fargo filed suit on September 12, 2012. Wells Fargo alleged in its verified complaint that it was the holder of the note and mortgage, and it was entitled to enforce them. At paragraph 4 of the complaint, Wells Fargo referenced an assignment of the subject note and mortgage recorded on March 9, 2010.

Wells Fargo attached a copy of an adjustable rate note to the complaint, which contains a blank endorsement.[1] Wells Fargo also attached a copy of the mortgage.

Donaldson filed her first request for admissions on May 22, 2013. She requested Wells Fargo admit that it was not the holder of the original mortgage note; it was not the owner of the original note; the original lender had not transferred possession of the original note or any rights to Wells Fargo; no assignment of the mortgage to Wells Fargo occurred before the foreclosure action was filed; and that Wells Fargo was not in possession of the original note.

Donaldson answered and raised affirmative defenses. Its defenses included that Wells Fargo had no standing to sue; was not the lawful assignee of the note

[1] Specifically, the note is payable to The Mortgage Store Financial, Inc., a California corporation and contains three stamped endorsements. The first endorsement is from The Mortgage Store Financial, Inc., a California corporation, to Countrywide Bank, N.A. The second endorsement is from Countrywide Bank, N.A. to Countrywide Home Loans, Inc. The third endorsement from Countrywide Home Loans, Inc. is blank.

2

and mortgage; could not produce the original note and mortgage; was not the holder or owner of the note and mortgage; and was not in possession of the note and mortgage.

In its reply to Donaldson's answer and affirmative defenses, Wells Fargo denied Donaldson's allegations. Wells Fargo alleged that it was in possession of the original note endorsed in blank. Wells Fargo also alleged that it was not required to produce a written or recorded assignment to maintain its foreclosure suit. Wells Fargo nonetheless attached an assignment of mortgage to its reply.

Wells Fargo moved for summary judgment, which the trial court denied. The trial court subsequently involuntary dismissed the cause at trial. This, we conclude, constitutes error where the record contains evidence that contradicts Wells Fargo's technical admissions.

This Court's standard of review of the trial court's factual determinations is abuse of discretion, and the test for reasonableness is as follows:

> If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.

Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). The trial court's ruling has a presumption of correctness and the burden is upon the appellant to

3

demonstrate reversible error.  <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979).

There is no dispute that Wells Fargo failed to timely respond to Donaldson's request for admissions.  Florida Rule of Civil Procedure 1.370 provides, in relevant part:

> **(a) Request for Admission** . . . The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request.
>
> . . .
>
> **(b) Effect of Admission**.  Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Wells Fargo's failure to do so, however, does not preclude its entitlement to relief from the effect of its technical admissions.

We held in <u>Sher v. Liberty Mutual Insurance Company</u>, 557 So. 2d 638, 639 (Fla. 3d DCA 1990), that disputed issues of fact precluded the entry of summary judgment since the record was replete with evidence that contradicted the admissions created by a failure to timely respond.  Similarly, in <u>Ruiz v. De Varona</u>, 785 So. 2d 508, 509 (Fla. 3d DCA 2000), this Court noted that "dismissal based solely on the failure to timely answer a request for admissions would be

4

inappropriate when the pleadings make clear the opposing party's position and the existence of disputed facts".

Here, like in <u>Sher</u> and <u>Ruiz</u>, the record supports the denial of Wells Fargo's technical admissions. The allegations contained in the verified complaint contradicted the technical admissions. Wells Fargo alleged that it owned the note and that it had the right to foreclose. Furthermore, the attachments to the complaint contradicted the technical admissions. Wells Fargo attached a copy of the note to the verified complaint, which was endorsed in blank.[2]  Additionally, Wells Fargo denied its technical admissions in its reply to Donaldson's answer and affirmative defenses.

Accordingly, we reverse the order of dismissal and remand the cause for further proceedings.

Reversed and remanded.

---

[2]  The Appendix to Wells Fargo's Initial Brief contains a response to Donaldson's first request for admissions, served July 9, 2013; motion for leave to file a response to Donaldson's first request for admissions, and answer and affirmative defenses, served July 18, 2013; and an answer and objections to Donaldson's interrogatories, served August 1, 2013. These, however, are not contained in the record on appeal.