# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-557
Lower Tribunal No. 11-31116
_____

**PennyMac Corp.,**
Appellant,

vs.

**Carlos A. Labeau,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Akerman LLP, Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale), Eric M. Levine (West Palm Beach) and Eric S. Matthew, for appellant.

Pomeranz & Associates and Mark L. Pomeranz (Hallandale); Gary Goodenow, for appellee.

Before SHEPHERD, EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant PennyMac Corp. appeals the trial court's order involuntarily dismissing PennyMac's foreclosure action. We reverse. The trial court's entry of an involuntary dismissal was erroneous, precipitated by its erroneous denial of PennyMac's request to be relieved from technical admissions in the absence of a showing by appellees, Carlos A. Labeau and Jennifer Passariello, that such relief would prejudice them in defending the action on the merits.

**FACTS**

Labeau and Passariello executed a promissory note on October 2, 2007 in favor of JPMorgan Chase Bank. On that same date, Labeau and Passariello executed a mortgage as security for the debt. It is alleged that Labeau and Passariello defaulted on the loan by failing to make the August 1, 2010 payment as well as all subsequent payments.

JPMorgan filed a verified one-count foreclosure complaint against Labeau and Passariello on September 23, 2011. The complaint alleged that JPMorgan is the servicer of the loan and the holder of the note. A copy of the note (reflecting a blank endorsement) was attached to the complaint. Labeau and Passariello did not file an answer until September 11, 2012. However, on August 16, 2012 (prior to responding to the complaint), Labeau and Passariello served a request for admissions, which in pertinent part requested that JPMorgan admit that:

2

- JPMorgan failed to attach any exhibits to the complaint which identify that Plaintiff is the mortgagee;
- JPMorgan is not the holder of the subject mortgage and note; and
- JPMorgan has no standing to bring this action against Defendants.

JPMorgan failed to timely respond to the foregoing requests for admissions. It did file a response on January 3, 2013 (more than three months overdue), at which time JPMorgan denied all of the requests for admission. There is nothing in the record indicating JPMorgan ever sought an extension of time to file its response, nor did Labeau and Passariello move to strike the response as untimely.

A year later, in January 2014, the trial court entered an order substituting PennyMac as the party plaintiff. The parties continued to engage in discovery, including the production of documents and responses to interrogatories. Thereafter, in October 2014, PennyMac filed a notice of filing original loan documents (namely, the original note and mortgage). Also in October 2014, the trial court set the matter for trial in December 2014. PennyMac filed an exhibit list (which referenced the original loan documents) and a witness list (which identified by name the individuals who would testify regarding business records, as well as provide testimony regarding the existence of a default, the amounts due and owing, and standing to bring the subject action).

The parties appeared for trial and, before the presentation of any evidence, Labeau and Passariello moved ore tenus for involuntary dismissal based on the

3

purported deemed admissions that PennyMac lacked standing due to JPMorgan's untimely response to the August 2012 request for admissions. Before the trial court ruled on the motion for involuntary dismissal, PennyMac moved ore tenus for relief from the technical admissions. The court made its rulings as follows:

> PENNYMAC: We're doing an ore tenus motion today Your Honor
>
> and I understand the Court--
>
> THE COURT: It's too late, they'd already moved.
>
> PENNYMAC: They [Labeau and Passariello] moved today also.
>
> THE COURT: Yeah, before you moved. Had you moved first I might have granted your motion.

The trial court offered this further explanation:

> THE COURT: If you're a trial lawyer and you're doing litigation you got to wear body armor, and you don't, you're not. You're crying to the Court about being unfair.
>
> PENNYMAC: I'm advocating for my client Your Honor.
>
> THE COURT: You're crying to the Court about what your office screwed up, pure and simple. Maybe it's not your office. Somebody on the path on behalf of the Plaintiff screwed up. And now I should clean up your mess in your favor after you screwed it up. I don't think that's what the trial judges are supposed to do.
>
> PENNYMAC: No, no, we're not saying that.

4

THE COURT:      And that's not what I'm going to do. Now, maybe if the Third District Court of Appeals says Gillman you should have done that, then I'll have to do it and you'll send it back. Maybe I'll still be here, maybe I won't.  Some other judge will do it and clean up the mess, but I'm not going to clean up anybody's mess.

PennyMac moved for rehearing, contending that the involuntary dismissal based on the purported technical admissions was error.  The court denied the motion for rehearing, and this appeal followed.

**ANALYSIS**

Florida Rule of Civil Procedure 1.370 governs Requests for Admission.  It provides, in pertinent part:

(a) … The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow….

(b) Effect of Admission.  Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.

The liberal standard for relief under this rule reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default. See Sterling v. City of West Palm Beach, 595 So. 2d 284, 285 (Fla. 4th DCA 1992) (recognizing that "the use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim"); Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So. 2d 450 (Fla. 5th DCA 1982).

Here, Labeau and Passariello served requests for admission upon JPMorgan, the predecessor in interest to PennyMac. JPMorgan was required to respond by September 15, 2012, but did not respond until January 3, 2013. This was well beyond the 30-day timeframe under Rule 1.370(a) and, as PennyMac concedes, JPMorgan's response was untimely. However, this untimeliness does not necessarily preclude relief from the effect of its technical admissions. See Wells Fargo Bank, N.A. v. Donaldson, 165 So. 3d 40 (Fla. 3d DCA 2015)(reversing order of involuntary dismissal where the record contained evidence that contradicted Wells Fargo's technical admissions, which had not been timely answered). Here, as in Donaldson, the allegations contained in the complaint, together with the attachments to the complaint, contradict the technical admissions and provide ample evidence that JPMorgan had standing. Specifically, JPMorgan asserted in the verified complaint it was the holder of the note and attached a copy

6

of the note, endorsed in blank, to the complaint. During the pendency of the case, JPMorgan and PennyMac served responses to requests for production and interrogatories that contradicted the technical admission that JPMorgan (or PennyMac) lacked standing. Given the attachments to the complaint and the other record evidence in this case, it is clear that "the presentation of the merits of the action [would] be subserved by" granting relief from the technical admissions. Fla. R. Civ. P. 1.370(a).

Further, Labeau and Passariello failed to make any showing "to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits." Id. JPMorgan did substantively respond to, and did deny, each of the requests for admission; and although the response was untimely, it was served on Labeau and Passariello nearly two years before trial. Labeau and Passariello did not claim they were surprised, misled, or procedurally prejudiced by PennyMac's request for relief. In fact, Labeau and Passariello offered the court no evidence or argument to explain how granting relief from the technical admissions would impact their ability to defend the action on the merits.

The trial court's sole articulated reason for denying PennyMac's motion for relief from technical admissions was that Labeau and Passariello orally moved for involuntary dismissal (based upon the technically admitted lack of standing)[1]

---

[1] PennyMac further contends that the issue of whether a party has standing is a legal conclusion, and is therefore not a proper subject for a request for admission.

moments before PennyMac orally moved for relief from the technical admissions. The trial court indicated that if PennyMac had moved for relief before Labeau and Passariello moved for involuntary dismissal, the trial court might well have granted PennyMac its requested relief. The trial court observed, however, that because Labeau and Passariello "asked first," PennyMac's request was denied. This "race to the podium" analysis does not reflect the proper exercise of a court's discretion.[2]

The record below manifestly supported PennyMac's requested relief from the technical admissions. In light of that record, and in the absence of any showing of prejudice to Labeau and Passariello, the trial court abused its discretion in failing to grant relief. See Donaldson, 165 So. 3d at 42. See also Ruiz v. De Varona, 785 So. 2d 508, 509 (Fla. 3d DCA 2000) (finding "dismissal based solely on the failure to timely answer a request for admissions would be inappropriate

Given our disposition on other grounds, we do not reach this issue, but observe that PennyMac may well be correct in this regard. See Davis v. Dollar Rent A Car Sys., Inc., 909 So. 2d 297 (Fla. 5th DCA 2004) (rev'd on other grounds, Williams v. Davis, 974 So. 2d 1052 (Fla. 2007)) (holding that requests for admissions seeking purely legal conclusions are inappropriate, and the failure to respond to such a request may not be the basis for a summary judgment).

[2] See Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (noting that "[t]he trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial court's discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness.")

when the pleadings make clear the opposing party's position and the existence of disputed facts"); Sher v. Liberty Mut. Ins. Co., 557 So. 2d 638, 639 (Fla. 3d DCA 1990) (holding that disputed issues of fact precluded entry of summary judgment since "the record [was] replete with evidence contradicting the admissions created by Sher's failure to file a timely response.")

## **CONCLUSION**

We do not countenance PennyMac's apparent lack of diligence in discovering JPMorgan's untimely response to the request for admissions, or its failure to seek relief from this untimely response prior to trial. Nevertheless, we conclude that because the trial court failed to properly exercise its discretion and apply the correct analysis under Rule 1.370; because the technical admissions were plainly contested by the allegations, attachments to the complaint, and record discovery; and because Labeau and Passariello failed to establish any prejudice from the granting of the requested relief, the trial court erred in denying PennyMac's motion for relief from technical admissions and in involuntarily dismissing the action.

We vacate the order of involuntary dismissal, reverse and remand the cause for entry of an order granting PennyMac's motion for relief from technical admissions and for further proceedings consistent with this opinion.