# Third District Court of Appeal

## State of Florida

Opinion filed May 04, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-652
Lower Tribunal No. 09-91730
_____


**HSBC Bank USA, etc.,**
Appellant,

vs.

**Fulbio S. Parodi,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and Diana B. Matson, Margaret E. Kepler, and Joshua R. Levine (Fort Lauderdale), for appellant.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellee.


Before ROTHENBERG, SALTER, and SCALES, JJ.

ROTHENBERG, J.

HSBC Bank USA, etc. ("HSBC") appeals from a final judgment involuntarily dismissing its foreclosure action filed against Fulbio S. Parodi ("Parodi") following HSBC's presentation of the evidence at a non-jury trial based solely on HSBC's untimely responses to Parodi's First Request for Admissions. As the record contains evidence that contradicts HSBC's technical admissions, we conclude that the trial court reversibly erred by involuntarily dismissing HSBC's foreclosure action.

It is undisputed that HSBC failed to timely respond to Parodi's First Request for Admissions, and therefore, each request was technically admitted pursuant to Florida Rule of Civil Procedure 1.370, which provides in relevant part as follows:

> **(a) Request for Admission.** . . . The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow . . . .

> **(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.

However, HSBC's failure to timely respond to Parodi's First Request for Admissions does not preclude HSBC's "entitlement to relief from the effect of its technical admissions." Wells Fargo Bank, N.A. v. Donaldson, 165 So. 3d 40, 42

(Fla. 3d DCA 2015); see also PennyMac Corp. v. Labeau, 180 So. 3d 1216, 1220 (Fla. 3d DCA 2015) (stating that the "liberal standard for relief under [rule 1.370] reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default").

This Court has consistently and repeatedly held it is reversible error to involuntarily dismiss an action or grant summary judgment based solely on the failure to timely respond to a request for admissions where the pleadings and/or the record evidence contradicts the technical admissions and no prejudice has been demonstrated. See PennyMac Corp., 180 So. 3d at 1220 (holding that in light of record supporting PennyMac's requested relief from the technical admissions and the absence of any showing of prejudice to Labeau, the trial court abused its discretion by failing to grant relief); Wells Fargo Bank, 165 So. 3d at 41-42 (reversing trial court's involuntary dismissal of Well Fargo's foreclosure action at trial based on Well Fargo's failure to timely respond to Donaldson's request for admissions where the verified complaint and attachments thereto contradicted the technical admissions and Wells Fargo denied its technical admissions in its reply to Donaldson's answer and affirmative defenses); Ruiz v. De Varona, 785 So. 2d 508, 509 (Fla. 3d DCA 2000) (noting that a trial court is required to look beyond the pleadings when determining the propriety of entering summary judgment and that dismissal based solely on the failure to timely respond to a request for admissions

3

is error where the pleadings make clear the opposing party's position and the existence of disputed facts; and concluding that, because the record was replete with evidence contradicting the technical admissions, it was error to grant summary judgment); Sher v. Liberty Mut. Ins. Co., 557 So. 2d 638, 639 (Fla. 3d DCA 1990) (same).

In the instant case, the trial court clearly erred by involuntarily dismissing HSBC's foreclosure action based solely on its technical admissions because these technical admissions were contradicted by HSBC's pleadings, discovery responses, and/or trial evidence; Parodi failed to argue or demonstrate prejudice; and the trial court failed to find prejudice. Specifically, the record demonstrates that HSBC is the owner and holder of the note, and became the owner and holder prior to filing the foreclosure action; HSBC fulfilled or performed all conditions precedent to acceleration; HSBC timely provided Parodi with the requisite notice prior to acceleration; and Parodi defaulted under the terms of the note and mortgage by failing to make the required payments and therefore owes money to HSBC. Accordingly, we reverse the final judgment involuntarily dismissing HSBC's foreclosure action filed against Parodi and remand for further proceedings.

Reversed and remanded.