NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WELLS FARGO BANK, NATIONAL          )
ASSOCIATION, as trustee for the     )
Certificateholders of SARM 2005-15, )
                                    )
        Appellant,                  )
                                    )
v.                                  )          Case No.  2D15-2055
                                    )
SALLY L. VOORHEES a/k/a SALLY L.    )
VOORHEES-DURHAM a/k/a SALLY         )
VOORHEES; BENT TREE VILLAGE         )
ASSOCIATION, INC.; CITIBANK, N.A.;  )
UNKNOWN SPOUSE of SALLY L.          )
VOORHEES a/k/a SALLY L.             )
VOORHEES-DURHAM a/k/a SALLY         )
VOORHEES; unknown tenant(s)         )
in possession of the subject property, )
                                    )
                                    )
        Appellees.                  )
_____)

Opinion filed May 13, 2016.

Appeal from the Circuit Court for
Sarasota County; Nancy K. Donnellan,
Senior Judge.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of
Akerman LLP, Fort Lauderdale; and Eric
M. Levine of Akerman LLP, West Palm
Beach, for Appellant.

C. Todd Chapman of Band Law Group,
P.L., Sarasota, for Appellee Sally L.

Voorhees.

No appearance for remaining Appellees.

CRENSHAW, Judge.

Wells Fargo Bank, National Association, appeals the dismissal of its foreclosure action against Sally Voorhees. Because the record is replete with evidence contradicting technical admissions and Voorhees failed to show she would be prejudiced by their withdrawal, we conclude that the trial court abused its discretion in failing to grant Wells Fargo relief from technical admissions. We reverse and remand for a trial on the merits.

Wells Fargo initiated a foreclosure action against Ms. Voorhees in Sarasota County in June 2009. It filed a motion for summary judgment with supporting affidavits in June 2013. After Voorhees failed to file anything in the case, the clerk entered a default against Voorhees. Voorhees filed a motion to set aside default which the trial court granted in August 2013. Voorhees then filed an answer, interrogatories, requests for production, and requests for admissions in December 2013. The requests for admissions requested that Wells Fargo admit facts showing it had no standing to bring the foreclosure suit.

In April 2014, Voorhees filed a motion to compel discovery, requesting that the admissions be deemed admitted. After a hearing on the motion, a magistrate judge recommended that the trial court grant the motion and deem all admissions admitted. The trial court adopted the recommended order.

In August 2014, Voorhees filed a second motion to compel discovery and to dismiss based on discovery violations. Specifically, Voorhees noted that full

responses to discovery were due on July 30, 2014, and Wells Fargo failed to meet the deadline. That same day, Wells Fargo filed its responses to Voorhees' requests for admissions and production. It also filed a motion for relief from technical admissions based on Florida Rules of Civil Procedure 1.370(b) and 1.540(b)(1).

On August 27, 2014, the trial court summarily denied Wells Fargo's motion for relief from technical admissions. It ordered Wells Fargo to answer in full without objections all requests for production and interrogatories within thirty days. As a sanction, it ordered Wells Fargo to pay defense counsel $500 within thirty days. And it noted that the case would be dismissed if full and complete discovery responses were not served within the thirty days. On September 17 and 19, 2014, Wells Fargo filed a response to Voorhees' request for production and sworn answers to interrogatories.

In October 2014, Wells Fargo filed a motion for reconsideration of the court's orders deeming all admissions as admitted and denying Wells Fargo's motion for relief. Following a hearing, the trial court denied the motion.

At the April 2015 trial, the trial court again refused to reconsider the technical admissions. At the beginning of trial, Voorhees' counsel asked that the admissions remain admitted and that Wells Fargo be prohibited from putting on evidence contrary to the admissions. In response, counsel for Wells Fargo argued that the record was "replete with evidence before [Voorhees] ever filed [the] request for admissions that showed [Wells Fargo] was actually in possession of an original note, endorsed in blank at the time of filing." Counsel for Wells Fargo again cited rule 1.370(b) and asked the court to withdraw the technical admissions and hear the case on the merits. Counsel stated Wells Fargo was prepared to move forward at trial with a

witness who would testify to "the fact that plaintiff was in possession of the note, endorsed in blank at the time of filing . . . the original note and mortgage, which are already in the court file, the compilation of loan records that have been turned into the payment history."

Counsel for Wells Fargo also argued that Voorhees would not be prejudiced by a trial on the merits. But in response, Voorhees' counsel argued: "I intentionally did not take depositions in this case that I was under the impression that your rulings, your three previous rulings, were going to stand. So it would be a severe prejudice for you to now allow evidence in which has been deemed admitted on three different occasions." Wells Fargo stated it would agree to a continuance to allow Voorhees to take any depositions it may need for trial; "to decide a case on a mere technicality is just improper." The court responded: "<u>Well it's going to stay improper. I hear you and I agree with you, I think cases should be tried on the merits, but we're too far into this. You've had three prior rulings denying the motion related to admissions</u>." It also stated that "it's prejudicial to the defendant to have to gear up and try a case on its merits." Despite Wells Fargo's repeated requests for reconsideration, the trial court again denied relief.

At that point in the trial, counsel for Voorhees requested a judgment in favor of the defense. Counsel for Wells Fargo agreed that if the technical admissions remained, Wells Fargo could not prove its case. Counsel also noted that such a ruling would be a dismissal with prejudice based on the age of the case. Despite Wells Fargo's continued objections, the trial court concluded: "Well, it's not as though you couldn't bring it again, which you can. I realize it probably is a statute of limitations

problem, but I—I really do have to—I feel that I am required to uphold the three prior rulings in this area." Counsel for Wells Fargo, to no avail, made a final attempt to have the trial court reconsider its ruling.

That same day, the trial court entered a handwritten final judgment of involuntary dismissal. It stated, "Upon consideration in open court having heard the trial the Court makes these findings: Due to the Plaintiff's inability to overcome the technical admissions, the Plaintiff is unable to sustain its burden of proof; the case is dismissed." This appeal timely followed.

Florida Rule of Civil Procedure 1.370(b) governs the withdrawal of admissions:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.

This liberal standard for relief "reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default." PennyMac Corp. v. Labeau, 180 So. 3d 1216, 1219 (Fla. 3d DCA 2015) (citing Sterling v. City of West Palm Beach, 595 So. 2d 284, 285 (Fla. 4th DCA 1992)). "The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim." Sterling, 595 So. 2d at 285.

Denial of relief from technical admissions is an abuse of discretion when the record contains evidence that contradicts the admissions and the opposing party has not shown it would be prejudiced by the withdrawal of the admissions. See

- 5 -

PennyMac Corp., 180 So 3d at 1219-20; Wells Fargo Bank, N.A. v. Donaldson, 165 So. 3d 40, 42 (Fla. 3d DCA 2015); Thomas v. Chase Manhattan Bank, 875 So. 2d 758, 760 (Fla. 4th DCA 2004); Love v. Allis-Chalmers Corp., 362 So. 2d 1037, 1038-39 (Fla. 4th DCA 1978).

Here the admissions indicating that Wells Fargo lacked standing are contrary to the facts of the case, and Voorhees failed to show prejudice within the meaning of rule 1.370(b). By the time Voorhees served the requests for admissions, Wells Fargo had already filed the original mortgage and note endorsed in blank. It had also filed a motion for summary judgment accompanied by a sworn affidavit claiming it was the possessor of the note. And Wells Fargo indicated at trial that it was prepared to put on witness testimony that would contradict the admissions. Voorhees' sole allegation of prejudice—that defense counsel relied on the prior rulings on the admissions when he declined to depose any witnesses—could have easily been cured by a continuance.

It appears the trial court was under the false impression that it was required to uphold its three prior rulings denying Wells Fargo relief from technical admissions. But rule 1.370(b) gives the court the flexibility to change a ruling or permit a party to amend or withdraw admissions. And because the record evidence here is contrary to those admissions and Voorhees failed to show prejudice, we conclude that the trial court abused its discretion in denying Wells Fargo relief from technical admissions. Accordingly, we reverse the final order of involuntary dismissal and remand for a trial on the merits.

Reversed and remanded.

WALLACE and LaROSE, JJ., Concur.