IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 18, 2017


DEUTSCHE BANK TRUST COMPANY )
AMERICAS AS TRUSTEE FOR RALI )
2005QA8, )
 )
        Appellant, )
 )
v. )  Case No. 2D15-898
 )
BECKI RUTH MAAS and RYAN DAVID )
MAAS, )
 )
        Appellees. )
_____ )


BY ORDER OF THE COURT:


Appellees seek rehearing or clarification of our decision dated July 14, 2017.  We

deny rehearing but grant clarification.  The prior opinion is withdrawn, and the attached

opinion is issued in its place.  No further motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

DEUTSCHE BANK TRUST COMPANY )
AMERICAS AS TRUSTEE FOR RALI )
2005QA8, )
                                  )
        Appellant, )
                                  )
v. )      Case No. 2D15-898
                                  )
BECKI RUTH MAAS and RYAN DAVID )
MAAS, )
                                  )
        Appellees. )
_____)

Opinion filed October 18, 2017.

Appeal from the Circuit Court for Pasco
County; W. Douglas Baird, Judge.

Jeremy W. Harris and David F. Knobel
of Morris, Laing, Evans, Brock &
Kennedy, Chartered, West Palm
Beach, for Appellant.

Michael Alex Wasylik of Ricardo &
Wasylik, PL, Dade City, for Appellees.

KELLY, Judge.

        Deutsche Bank Trust Company Americas appeals from the final order
involuntarily dismissing its foreclosure complaint against Becki and Ryan Maas on the
ground that the Bank's attorney failed to appear at a hearing. Because the trial court
abused its discretion in denying the attorney's motion for reconsideration based on
excusable neglect and its motion for relief from admissions, we reverse.

The involuntary dismissal was predicated on technical admissions resulting from the Bank's failure to timely respond to requests for admissions. Pursuant to Florida Rule of Civil Procedure 1.370(b), the Bank filed a verified motion seeking relief from the admissions, and it scheduled the matter for a hearing. The Bank's attorney, who was scheduled to appear telephonically, did not telephone at the designated time, although a court reporter that the Maases' counsel thought was sent by the Bank did appear. Nevertheless, when the trial judge asked how he wanted to proceed, the Maases' counsel asked the court to "dismiss" the motion without giving the Bank an opportunity to be heard. The judge obliged, and he denied the motion.

On receiving the order denying its motion based on its failure to appear at the hearing, the Bank promptly moved for reconsideration citing excusable neglect. Its motion was supported by the affidavit of the attorney who had been tasked with covering the hearing. In it she explained her failure to appear was due to an error on the part of her firm's scheduling department. She explained that she had been sick, that she had advised the scheduler of her illness, that she had asked not to be scheduled, and that she had not been notified that she had nevertheless been assigned to cover the hearing. The trial court denied the motion for reconsideration saying the affidavit was inadequate to show excusable neglect. At trial, the court again refused to grant relief from the admissions, and it also refused to allow the Bank to put on evidence, or even proffer the evidence, that would have established its entitlement to foreclose. The Maases' counsel sought and was granted an involuntary dismissal.

The trial court erred in two respects. First, it should have granted the Bank's motion for reconsideration. The Bank provided a sworn affidavit establishing

- 3 -

that its attorney's failure to appear at the motion hearing was inadvertent. This type of mistake has routinely been found to amount to excusable neglect, and it was error for the trial court to find otherwise. See Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985) ("[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits.").

Further, the trial court abused its discretion in refusing the Bank's request for relief from the technical admissions. Reflecting Florida courts' longstanding preference to decide cases on the merits, this court and others have repeatedly held that relief from technical admissions is to be liberally granted. See, e.g., Wells Fargo Bank, Nat'l Ass'n v. Voorhees, 194 So. 3d 448, 451 (Fla. 2d DCA 2016); Pennymac Corp. v. Labeau, 180 So. 3d 1216, 1219 (Fla. 3d DCA 2015); Habib v. Maison Du Vin Francais, Inc., 528 So. 2d 553, 553 (Fla. 4th DCA 1988). Where the record before the court contradicts the admissions and the opposing party has not shown it will be prejudiced by the withdrawal of the admissions, we have held it is an abuse of discretion for the trial court to deny relief. Voorhees, 194 So. 3d at 451.

Here, the Bank's technical admissions were contradicted by the record, and the Maases did not demonstrate any prejudice to their ability to defend the foreclosure action. See Fla. R. Civ. P. 1.370(b) ("[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.").

- 4 -

Under these circumstances, the Bank should have been afforded relief from the admissions.

Accordingly, we reverse the order dismissing the Bank's complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.


VILLANTI and KHOUZAM, JJ., Concur.