DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KARLA RODRIGUEZ,**
Appellant,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,** As Trustee for Stanwich
Mortgage Loan Trust A**,**
Appellee.

No. 4D18-310

[December 12, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 14009770.

Charmaine J. Comprosky of The Law Office of Charmaine J. Comprosky, PA, Pompano Beach, for appellant.

Christian J. Gendreau of Storey Law Group, PA, Orlando, for appellee.

KLINGENSMITH, J.

2010-3 SFR Venture, LLC ("Venture") sought to foreclose on a mortgage entered into by Karla Rodriguez ("Borrower"). After a voluntary dismissal by a substituted plaintiff, Borrower filed a motion for prevailing party attorney's fees. Her motion was denied due to the fact that she challenged Venture's standing throughout the lawsuit. Borrower claims that the trial court erred in denying her motion for attorney's fees because the issue of standing was never resolved by the court on the merits. We agree.

In response to Venture's foreclosure complaint, Borrower asserted several affirmative defenses, including lack of standing. Venture later moved to substitute Wilmington Savings Fund ("WSF") as the plaintiff. After the trial court granted substitution, WSF filed a notice of voluntary dismissal. In response, Borrower moved for, and was granted, entitlement to prevailing party attorney's fees and costs pursuant to the loan documents and section 57.105(7), Florida Statutes (2008).

WSF moved for reconsideration. At the hearing on the motion, WSF argued Borrower was precluded from recovering attorney's fees and costs

based on the note and mortgage[1] after taking the position that Venture—the previous plaintiff—lacked standing to sue under the same note and mortgage. The trial court entered an order granting WSF's motion for reconsideration, struck the previous order granting Borrower's entitlement to attorney's fees and costs, and entered an order denying Borrower's motion. This appeal followed.

"Because it concerns a question of law, we review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7)." *Bank of New York Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 118 (Fla. 3d DCA 2017).

On appeal, Borrower claims that despite raising the affirmative defense and arguing that Venture and WSF lacked standing below, both she and WSF were equally entitled to enforce the note and mortgage. Borrower alleges that she became the prevailing party for purposes of an award of prevailing party fees under section 57.105(7) when WSF voluntarily dismissed the action.

In opposition, WSF relies on *Nationstar Mortg. LLC v. Glass*, 219 So. 3d 896, 899 (Fla. 4th DCA 2017), *review granted, Glass v. Nationstar Mortg., LLC*, 2018 WL 2069328 (Fla. Feb. 13, 2018), which held, "A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract."

"In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990). "However, there is a difference between prevailing on the merits on a standing issue and an undifferentiated voluntary dismissal of a lawsuit prior to any merits determination." *Wells Fargo Bank, N.A. v. Elkind*, 2018 WL 4212149 at *1 (Fla. 4th DCA, Sept. 5, 2018).

WSF contends that the trial court resolved—on the merits—the issue of standing after Borrower filed requests for admissions seeking that Venture admit or otherwise respond to two requests related to standing. Venture failed to timely respond to the request for admissions; thus, they were

---

[1] Section 57.105(7) "transforms any such unilateral contractual attorney's fee provision into a reciprocal obligation whereby the prevailing party is entitled to recover reasonable fees and costs." *HFC Collection Ctr., Inc. v. Alexander*, 190 So. 3d 1114, 1116 (Fla. 5th DCA 2016).

2

deemed technically admitted. *See* Fla. R. Civ. P. 1.370(a). Such admissions are "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fla. R. Civ. P. 1.370(b); *see Poag v. Nationstar Mortg., LLC*, 198 So. 3d 1002, 1004 (Fla. 1st DCA 2018). Here, the court denied Venture's request to withdraw the technical admissions; as such, those matters were conclusively established as facts. *See id.*

Our courts have held that such "conclusively established" admissions do not equate to determinations "on the merits." *See Wells Fargo Bank, N.A. v. Voorhees*, 194 So. 3d 448, 451 (Fla. 2d DCA 2016) (there is a "strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default." (quoting *PennyMac Corp. v. Labeau*, 180 So. 3d 1216, 1219 (Fla. 3d DCA 2015))).

WSF's voluntary dismissal rendered *Glass* inapplicable because the parties never litigated the merits of Venture's or WSF's standing below, and the trial court never made a finding that the Borrower was not a party to the note or mortgage. *See Elkind*, 2018 WL 4212149 at *1. The trial court also never made an explicit finding as to which of the issues raised by Borrower's affirmative defenses or requests for admissions were dispositive. Until the trial court resolves a given issue on the merits, litigants are permitted to take alternative, even conflicting, positions on disputed issues. *See* Fla. R. Civ. P. 1.110(g). Consequently, the fact that certain unanswered admissions became established facts in the underlying suit does not equate to a legal determination regarding Venture's standing to bring this foreclosure action or WSF's ability to maintain it. *See Voorhees*, 194 So. 3d at 451. Because WSF voluntarily dismissed the action, Borrower did not prevail on the merits in her argument that the lender lacked standing to sue on the contract. *See Elkind*, 2018 WL 4212149 at *1.

Therefore, Borrower is not precluded from recovering fees based on a provision in the contract and section 57.105(7). *Cf. Glass*, 219 So. 3d at 899. Accordingly, we reverse the order denying Borrower's motion for attorney's fees, remand for the trial court to grant the award of attorney's fees to Borrower, and order the trial court to determine the reasonableness of the amounts sought. As we did in *Elkind*, we decline to address the issue of whether Borrower's victory on the attorney's fees issue here means she is collaterally estopped from raising standing in a future foreclosure brought on the same mortgage and note.

*Reversed and remanded.*

MAY and LEVINE JJ., concur.

                    *        *        *

***Not final until disposition of timely filed motion for rehearing.***